### E. A. LAUGHLIN v. WALTER TIPS ET AL.
#### No. 465.

1. **Amendment—New Cause of Action.**—An amendment to the petition adding the name of another member of a firm as plaintiff, does not set up a new cause of action.

2. **Quitclaim Deed—"Right, Title, and Interest."**—A deed conveyed, in terms, "all that certain real and personal property, to wit, my right, title, and interest in and to a" certain tract of land (describing it), "to have and to hold the above described premises," unto the grantees and their heirs, forever. *Held*, that the deed conveyed the land itself, and was not a mere quitclaim deed.

3. **Deed—Notice—Description of Land.**—The record of a deed of premises described as the "Bedford Hodge tract, in Bexar County, containing 209 acres of land," does not charge a grantee in a subsequent deed of the "208 acres of land, part of survey 25⅔, patented to B., assignee of H., situated about twenty-two miles south, seventy-five west, of San Antonio," with notice of the identity of the two tracts.

4. **Identity of Land—Notice—Issue of Fact.**—Where the parties in trespass to try title claim under title arising from two deeds by the same grantor, wherein the land is differently described, and so described that evidence aliunde is necessary to show the identity of the land, the question of notice to the second grantee by virtue of the record of the first deed becomes a mixed one of law and fact, and should be submitted to the jury.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*William Aubrey*, for appellant.—1. An amendment which changes the title to land originally sued on, as the title of an individual to the title of a firm or partnership, is a change of the cause of action sued upon.

2. A deed whereby the grantor conveys "all that certain real and personal property, to wit, my right, title, and interest in and to" a tract of land, with covenant of general warranty for "said premises," is a quitclaim deed, and does not pass a title afterwards acquired by

the grantor. Harrison v. Boring, 44 Texas, 261; Van Rensselaer v. Kearney, 11 How., 297; Loan and Trust Co. v. Maltby, 8 Paige, 366; Hanrick v. Patrick, 119 U. S., 175; Rawle on Cov., 5 ed.; sec. 250, notes 1, 2; 2 Pom. Eq., sec. 658; Jones on Mort., sec. 576.

3. A conveyance by one having no title can not operate against a subsequent purchaser from the same grantor whose deed is executed after title is obtained by such grantor. Burtners v. Kerans, 24 Gratt., 42; Bige. on Estop., 4 ed., 435; Sedg. Trial of Title, sec. 850.

4. A grantee is not bound to take notice of a conveyance made by his grantor before such grantor acquires a title to the land. Sedg. Trial of Title, sec. 850; Rawle on Cov., 5 ed., sec. 406; Bige. on Estop., sec. 432; 1 Dev. on Deeds, sec. 724; Dodd v. Williams, 3 Mo. App., 278; Loan and Trust Co. v. Maltby, 8 Paige, 361; Faircloth v. Jordan, 18 Ga., 350; Page v. Waring, 76 N. Y., 463; Buckingham v. Hanna, 2 Ohio St., 551; Losey v. Simpson, 11 N. J. Eq., 246; Ely v. Wilcox, 20 Wis., 51.

5. Purchasers and creditors are only charged by construction with notice of the facts actually exhibited by the record, and not of such as might have been ascertained by such inquiry as an examination of the record might have induced a prudent man to make. Taylor v. Harrison, 47 Texas, 457; McLouth v. Hurt, 51 Texas, 115; 20 Am. and Eng. Encyc. of Law, 559, and cases cited; Webb on Rec. of Title, sec. 147.

*P. J. Lewis, Wurzbach & Goeth,* and *J. N. & N. O. Green,* for appellees.—1. The plaintiff has a right to amend his petition and set up such new matters of fact relative to his cause of action as he sees proper.

2. The court did not err in instructing the jury to find a verdict for the plaintiffs for the land in controversy, because the deed from W. T. Lytle to John T. Lytle and James Speed, under which plaintiff claimed, was a general warranty deed, and conveyed not only the title that W. T. Lytle may have had at that time, but conveyed the land itself and all after acquired title. Garrett v. Christopher, 74 Texas, 454; Lewis v. Terrell, 26 S. W. Rep., 754; Lindsay v. Freeman, 83 Texas, 263; Ackerman v. Smiley, 37 Texas, 215; Harrison v. Boring, 44 Texas, 255; 2 Sayles' Real Est. Law, art. 853; Van Rensselaer v. Kearney, 11 How., 325; Hannon v. Christopher, 34 N. J. Eq., 465; 3 Washb., 75; Doe v. Oliver, 2 Smith's Lead. Cases, *636.

3. A general warranty deed will convey to the grantee all after-acquired title, although the grantor had no title at the time of making the deed. It is not a question of the degree of title that the vendor may have had at the time, but this principle is based upon the idea that the vendor has sold the land and warranted the title, and that he and the parties in privity with him are estopped from denying the fact. Van Rensselaer v. Kearney, 11 How., 325; Hannon v. Christopher, 34 N. J. Eq., 465; Dev. on Deeds, sec. 950; 2 Willard Real Prop., sec. 102; Jackson v. Winslow, 9 Cow., 18; Bige. on Estop., 3 ed., 333.

4. A grantee is charged with notice of any prior conveyance from his grantor to the same land, if the first deed of the grantor is properly recorded. Rev. Stats., art. 4342.

5. The question as to whether or not the record of a certain deed will operate as notice is purely a question of law, and should not be submitted to the consideration of the jury. Jenkins v. Adams & Wicks, 71 Texas, 1; 2 Sayles' Real Est. Laws, 811; De Cordova v. Hood, 17 Wall., 8; 16 Am. and Eng. Encyc. of Law, 795.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to 208 acres of land in Bexar County, commonly known as the Bedford Hodge tract, brought by appellees against appellant. Appellant answered by general demurrer and special exceptions, and by pleas of not guilty, and improvements in good faith. The exceptions were overruled, and the case being tried before a jury, they returned a verdict in favor of appellees for the land, that the improvements placed on the land by appellant were worth $750, that the value of the use and occupation of the land was $62.40, and the land was of the value of $1600. Upon this verdict the proper judgment was rendered.

Appellees first sued in the name of Walter Tips, A. G. Castanola, of the firm of M. Castanola & Son, Armita Conover, and Mary A. Brown, joined by her husband. Afterwards an amended petition was filed, describing the plaintiffs as Walter Tips, M. Castanola & Son, a firm composed of A. G. Castanola and M. Castanola, Armita Conover, and Mary A. Brown, joined by her husband. The only change made in the parties is the addition of the firm of Castanola & Son, or rather the addition of the name of the other partner of the firm. We are of the opinion that the amendment did not set up a new cause of action. The law of amendment in this State is liberal, and it would be contrary to its spirit to hold that the addition of a new party, or even a change of the capacity in which one of a number of plaintiffs sue, would be setting up a new cause of action. If there had been an entire change of parties, or the capacity in which they sued, there might be some force in the contention, but even in that event the matter would resolve itself into one of costs. Roberson v. McIlhenny, 59 Texas, 615.

Appellees introduced as a link in their chain of title a deed from W. T. Lytle to John T. Lytle and James Speed, and it is insisted by appellant that this instrument is a quitclaim deed, and as such conveyed only such interest as W. T. Lytle owned at the time the deed was executed, and any title acquired by said Lytle afterwards did not inure to the benefit of the vendees in said deed, and said deed being only a quitclaim deed, did not give notice of any adverse claim to any subsequent purchaser for value of the after-acquired title. It is the settled law of Texas, which was recognized by the judge who tried this cause, that a party receiving a quitclaim deed to land can not be

deemed a bona fide purchaser of any greater interest therein than his grantor had at the date of the execution of the deed. Rogers v. Burchard, 34 Texas, 442; Harrison v. Boring, 44 Texas, 255; Taylor v. Harrison, 47 Texas, 460; Richardson v. Levi, 67 Texas, 359. Then, if the deed made conveyed only what title the vendor may have had at the time of the execution of the conveyance, and not the land itself, appellees by their purchase from the vendees of W. T. Lytle received only the interest that he had at the time, and any after-acquirement of title did not inure to their benefit. But if the deed, no matter how expressed, shows an intention on the part of W. T. Lytle to convey the land itself to John T. Lytle and James Speed, then the deed was not a quitclaim. "Where the deed assumes to convey the land, and not merely the title, such as it is, that the vendor has in it, and there is a general warranty, the deed not only imports a bona fide conveyance in reference to the subject of the sale and purchase designed thereby to be vested in the purchaser, but it will carry any after-purchased rights or title that may be acquired by the vendor, thereby avoiding any circuity of action of the general warranty." Harrison v. Boring, 44 Texas, 255.

The deed of W. T. Lytle conveys to J. T. Lytle and James Speed "all that certain real and personal property, to wit, my right, title, and interest in and to a tract of land situated in Bexar County, Texas, containing about 209 acres, and known as the Bedford Hodge tract," and immediately following the description of the land, the deed continues, "to have and to hold the above described *premises*, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said John T. Lytle and James Speed, their heirs and assigns, forever." We are of the opinion that the deed conveyed the land itself, and not the mere chance of title. Abernathy v. Stone, 81 Texas, 430.

In the case of Garrett v. Christopher, 74 Texas, 453, the court held a deed containing the following language to be a conveyance of the land itself: "Do by these presents sell, convey, remise, release, and quitclaim unto the said C. Von Carlowitz, his heirs and assigns, forever, all our right, title, claim, interest, and demand in and to and for [describing the land], to have and to hold the above described premises unto the said C. Von Carlowitz, his heirs and assigns, forever." In several other instances, deeds similarly worded to the one we are considering have been held to convey the land, and not a chance of title. Lumber Co. v. Hancock, 70 Texas, 314; Lewis v. Terrell, 26 S. W. Rep., 754; Taylor v. Harrison, 47 Texas, 460; Lindsay v. Freeman, 83 Texas, 259. In the case of Harrison v. Boring, 44 Texas, 255, there was no sale or warranty of the land itself, but merely of the title, and the distinction between the two instruments is sharply drawn by Chief Justice Roberts; and in that case, while it is held that a special warranty would not alter the character of a quitclaim deed, yet where the deed conveys the land itself, and there is a general warranty, it is not a quit-

claim deed. We hold that the description of land, taken with the habendum and general warranty clauses, indicate clearly that W. T. Lytle conveyed the land in controversy to John T. Lytle and James Speed.

The deed does not of itself give notice that the tract of land sold by W. T. Lytle to appellant was the same sold by him to John T. Lytle and James Speed, and in order to make it effective it became necessary to show that the two deeds conveyed the same tract, and that this was known to appellant at the time he purchased. Purchasers are only charged with constructive notice of the facts actually exhibited by the record, and not with such as might have been ascertained by such inquiries as an examination of the record might have induced a prudent man to make. Taylor v. Harrison, 47 Texas, 454. Registration is constructive notice only of what appears on the face of the deed as registered. McLouth v. Hurt, 51 Texas, 115. The record of the deed from W. T. Lytle to Lytle and Speed notified appellant that in December, 1889, the Bedford Hodge tract in Bexar County, containing 209 acres of land, was sold by W. T. Lytle to John T. Lytle and James Speed. It could not possibly have given notice that the land conveyed therein was the same as the "208 acres of land, part of survey 25⅔, patented to Branch T. Masterson, assignee of Hardin Vickery, situated about 22 miles south, 75 west of San Antonio." To know the identity of the tracts as described required notice aliunde, and whenever this appeared, it sprung a question of fact to be determined by the jury. When appellees recognized the necessity for and introduced the testimony of Locke to assist the recital in the deed, they virtually admitted a want of proper description in the deed, and the question of notice to appellant became a mixed one of law and fact, and should have been submitted to the jury for their determination. Appellant had constructive notice of the sale by his vendor of the Bedford Hodge tract, but there is not enough in the deed, if it were held that inquiry were necessary, to put an ordinarily prudent man upon inquiry. It will not be contended that the description in this deed would be sufficient to give title under limitation of five years; because it would not give notice of the land conveyed by it, and we can see no reason why the same rule should not apply in this case. It was error in the court to instruct a verdict for appellees. We need not notice the other errors assigned.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Delivered November 7, 1894.