MRS. M. WATTS ET AL. V. CHARLES G. BRUCE.

Decided January 29, 1903.

**1.—Judgment—Default—Setting Aside—Discretion.**

The setting aside of a judgment by default is a matter resting largely, if not entirely, in the discretion of the trial court, and is rarely reviewed by the appellate courts.

**2.—Same—Compromise Judgment—Fraudulent Representations.**

Where the judgment was rendered on a compromise, it will not be set aside as obtained by the fraud and misrepresentations of the defendant as to his title, where the only representations made were those contained in the pleadings, as to the truth or falsity of which plaintiff should have known.

**3.—Deed—Husband and Wife—Deed to Wife.**

A deed from the husband to the wife vests the title in her as her separate property without any recital to that effect, or proof of payment from her separate estate.

**4.—Same—Innocent Purchaser at Execution Sale.**

Where the purchaser of land at an execution sale made subsequently to a deed by the judgment debtor to his wife does not affirmatively show that he purchased without notice and in good faith, claimants through the wife need only show that the deed to her was sufficient to pass title.

**5.—Same—Color of Title—Limitation.**

The three years statute of limitation as to those in possession under color of title does not apply to a purchaser at execution sale after title had passed from the judgment debtor to his wife.

**6.—Same—Limitation of Five Years.**

The five years statute of limitation does not apply unless there is a recorded deed and payment of taxes on the land.

**7.—Same—Ten Years Statute—Possession.**

Where no muniment of title is of record a party in possession of land can claim only 160 acres by virtue thereof. Rev. Stats., art. 3344.

**8.—Land Certificate—Location—Merger.**

Land scrip, when located and the land surveyed, becomes merged in the land, though no patent is issued, and a deed to the land passes the title.

Appeal from the District Court of Hardin. Tried below before Hon. L. B. Hightower.

*Oliver S. Kennedy,* for appellants.

*Greer & Minor,* for appellee.

GILL, ASSOCIATE JUSTICE.—On the —— day of ——, 1901, Mrs. M. Watts, P. S. Watts, Mrs. Lina Richardson, joined by her husband; Mrs. Isabella Mitchell, joined by her hsuband; Oliver S. Kenedy, and W. A. Richardson, as administrator of the estate of P. S. Watts, deceased, brought an action in trespass to try title against Charles G. Bruce for the recovery of the Mary E. Hopkins 1280-acre survey of land situated in Hardin County, Texas. This suit was numbered 788 on the docket of the District Court of said county, and was settled by an agreement of compromise by which plaintiffs should receive seventy acres of the land and the defendant was to have the remainder. On October 3,

1901, in pursuance of this agreement a judgment was entered according to its terms without hearing proof; Mrs. M. Taylor and Mrs. Lou Sessler not being included in the compromise took a nonsuit. On the 7th day of December, 1902, the same plaintiffs and Lea A. Work, on of the heirs at law of P. S. Watts, deceased, brought this suit against Charles G. Bruce, J. B. Hooks, C. M. Votaw, John H. Kirby and H. A. Hooks. By supplemental petition John T. Smith, W. F. Cotton, Mrs. Lou Sessler and husband and Mrs. M. Taylor and husband were made parties defendant. The purpose of this suit was to set aside the compromise judgment on the ground of fraudulent representations on the part of Bruce as to his title to the land, and the quantity contained in the survey. The parties to the last suit who were not parties to the first were joined in order to determine the questions of title and extent of interest as to all claimants, whether their interests were acquired prior to or subsequent to the compromise judgment.

A trial before the court without a jury resulted in a judgment for defendants, from which the plaintiffs have appealed. The court filed no conclusions of fact and law. The decree indicates that the court refused to annul the judgment rendered in cause No. 788, and allowed the interests of the various parties to remain as fixed by the judgment. As between the defendants, Mrs. Sessler and Mrs. Taylor were decreed specific portions of the land, and they are not complaining. We find from the record the following facts:

J. F. Cotton became the owner of the land in controversy in 1881. Thereafter certain judgments were obtained against him, and under executions issued on these judgments and levied on the land, same was sold by the sheriff and bought in by P. S. Watts, deceased, to whom the land was deeded by the sheriff in 1884. Between the date of the judgments and the levy and sale J. F. Cotton deeded the land to his wife. It is not claimed that the judgments against Cotton were abstracted and placed of record in the county in which the land was situated.

Plaintiffs and Mrs. Sessler and Mrs. Taylor are the heirs of P. S. Watts, deceased, and claim the land under the sheriff's sale and deed. The defendants (except the two last above named and one W. F. Cotton) claim the land under deeds from the children of Mrs. J. F. Cotton, wife of J. F. Cotton, which were adduced in evidence. They also resisted the claim of plaintiffs on the ground that the compromise judgment (which was shown to have been rendered as above stated) estopped them, and that neither under the allegation nor the proof were plaintiffs entitled to have reopened the questions therein adjudicated.

In this suit a judgment by default was rendered against defendant John T. Smith, who had acquired an interest in the land under Bruce subsequent to the compromise judgment. Subsequently and during the term of the court a motion to set aside the default judgment was sustained by the court. Of this appellant complains by several assignments of error.

We shall not discuss them in detail or at length. Such matters rest

largely, if not entirely, in the discretion of the court, and appellate courts rarely, if ever, review the action of a trial court where such a judgment is set aside. The assignments are without merit.

The question presented which controls the case as to all the appellants except Lea Work is, whether the court erred in refusing to set aside the judgment rendered in cause No. 788.

The evidence adduced by appellants in support of their prayer for this relief was that C. G. Bruce represented that he was the owner of the land; that his lawyer had advised that he could recover it; that it was then being held adversely to appellants, but that he preferred to surrender a small part of it rather than continue the litigation; that he offered to let appellants have seventy acres; that they accepted the offer on the faith of these representations, and a judgment was entered accordingly leaving out Mrs. Taylor and Mrs. Sessler; that they did not discover the falsity of these representations until the term of the court expired. They sought to prove that they had the best title, and further that Bruce had not acquired the entire title of the heirs of Mrs. J. F. Cotton, but had acquired the title of only eight of the eleven heirs.

As a matter of fact Bruce asserted no more in these representations than he asserted in his pleadings in the case. Appellants had sued for the land, and, in the nature of things, should have known of the truth or falsity of the representations. As to the fact that Bruce had not acquired title from all the heirs of Mrs. Cotton, it was immaterial to appellants, for if the Cotton title was better than theirs, they could not recover in any event. We think the court correctly refused to set aside the compromise judgment.

Lea Work, a grandson of P. S. Watts, was not affected by the compromise judgment, and as to him the cause must have been determined, and must here be determined upon the merits of the case. Appellants contend that the judgment should be reversed as to him, because his rights were in no way disposed of by this judgment. A complete answer to this rests in the fact that all the lands were adjudged to defendants except the seventy acres given to appellants in cause No. 788, and that plaintiffs take nothing otherwise.

Work further complains that the court erred in not rendering judgment in his favor, because he is an heir of P. S. Watts, deceased, and the evidence shows that P. S. Watts had title to the land both by limitation and by purchase under the sheriff's sale.

As to limitation the evidence was conflicting, and we do not think the record authorizes us to disturb the judgment upon that ground.

As to title under the sheriff's deed, it is plain to us that appellant could not recover upon that ground. When the levy was made the title to the land had passed to the wife of J. F. Cotton in her separate right by virtue of her husband's deed to her. If this deed was made in fraud of the rights of creditors, it might have been annulled by a timely action brought for the purpose, but the right to annul it has long since been barred by limitation.

The truth of the entire case may be said to be that the appellants who were plaintiffs below failed to show title in themselves, and the defendants Bruce and those claiming under him showed title in themselves or title outstanding in the heirs of Mrs. J. F. Cotton. So in no event could any other judgment have been rendered.

It is unnecessary to notice the remaining assignments. They present no error for which the judgment should be reversed. It is therefore in all things affirmed.

*Affirmed.*

### ON MOTION FOR ADDITIONAL CONCLUSIONS.

In response to the motion of appellants for additional conclusions of facts and law we find the following:

On the 11th day of August, 1883, J. F. Cotton, for a recited consideration of $500 executed and delivered to his wife, E. G. Cotton, a deed conveying to her the land in controversy and it was duly placed of record on the same day. J. F. Cotton testified that the consideration for this deed was a debt due by him to his wife, he having years prior to its date used some of her separate means and wished to repay her. The deed did not recite that the land should become her separate estate. The certificate of acknowledgment began: "The State of Texas, County of Hardin." It recited that it was given under the hand and seal of the officer taking, and is signed "O. O. Lane, C. C. C. H. C. by E. H. Collins, Dept." Its execution was proved upon the trial by the vendor J. F. Cotton, who was a witness in the case.

This instrument was adduced in evidence over the protest of appellants, who objected to its admission, (1) because it showed on its face that it was not acknowledged before any officer authorized by law to take acknowledgments; (2) because there was no impress of the seal of the officer thereon; and (3) because there was nothing on the face of the deed to show that the land was paid for with the separate means of the grantee or that same was to become a part of her separate estate, and that "Watts purchased without notice of her equity."

Appellants' seventh assignment of error, in which it is undertaken to present these objections to this court, is followed neither by proposition nor statement, and it is nowhere made to appear in appellants' brief that these criticisms of the instrument are borne out by the record. For these reasons we did not discuss the assignment in the main opinion, and for a like reason we do not notice it now, further than to dispose of the effect of the deed as evidence.

Even in the absence of the testimony of J. F. Cotton as to the purpose of the deed, its effect would have been to place the title to the property in the wife in her separate right. Story v. Marshall, 24 Texas, 306; Lewis v. Simon, 72 Texas, 475; Frank v. Frank, 25 S. W. Rep., 819; Callahan v. Houston, 78 Texas, 494. In the absence of affirmative proof that P. S. Watts, Sr., bought at sheriff's sale without notice and for value, appellees needed the deed for no other purpose

than to show title in Mrs. E. G. Cotton prior to Watt's purchase, and this it effectively did.

On the issue of limitation plaintiffs showed that J. R. Bevil, W. G. Wallis and D. H. Hart ran a sawmill on the land in question, though not continuously, from December, 1884, until the spring of 1889, under a contract with Watts as owner of the land. In 1887 W. F. Cotton went upon the land under a contract with Watts as owner, by the terms of which he was promised 160 acres thereof when the title was perfected. Under this contract W. F. Cotton built houses on a portion of the land and continued to occupy and cultivate a portion thereof and was in possession when the suit was brought. He had, however, within the eight years preceding the suit made three attempts to file upon 160 acres as a homestead, and in one instance had notified some of the heirs of Watts of his purpose. He also stated that he was holding only 160 acres and that for himself.

It is plain that the three years statute does not apply, because the sheriff's sale occurred after the title had passed to the wife of E. G. Cotton. Wright v. Daily, 26 Texas, 731; Snowden v. Rusk., 69 Texas, 594. The five years statute does not apply because no deed of record and no payment of taxes was shown. The ten years statute can not avail appellants, because, since no written muniment of title was of record, they could claim under the naked possession of W. F. Cotton no more than 160 acres. Rev. Stat., art. 3344. And as to that we think the evidence sufficient to support the conclusion of the trial judge, that for a part of the time Cotton was claiming that for himself and not for the heirs of Watts, and that his possession under his claim for Watts was not for a sufficient time to complete the ten years bar.

We do not deem it necessary, as regards the action of the trial court in setting aside the judgment by default rendered against J. F. Smith, to add anything to what was said in the main opinion. The matters inducing the court's action appear without dispute.

We stated in the main opinion that P. S. Watts, deceased, purchased the *land* at sheriff's sale. This finding is not complained of, but is not technically accurate. The Confederate land scrip which had been issued to Mary E. Hopkins had been located upon the land in controversy, but patent had not issued. The sheriff levied upon and sold this scrip. J. F. Cotton, after the location of the scrip and before the levy and sale, sold and conveyed the land to his wife. There is no difference in legal effect, as the scrip, when located and the land surveyed, was merged in the land and became real estate, and the deed to Mrs. Cotton passed the title to her. Abernathy v. Stone, 81 Texas, 434; East v. Dugan, 79 Texas, 330.

We had not regarded a fuller finding than that contained in the main opinion necessary or useful to appellants' rights, either on motion for rehearing or elsewhere, but in deference to the opinion of counsel for appellants we have prepared the above.

Writ of error refused.