## THOMAS JONES v. MINNIE HUMPHREYS.

### Decided June 3, 1905.

#### 1.—Practice on Appeal—Bill of Exceptions—Exclusion of Evidence.

A ruling excluding evidence will not be revised on appeal where neither the briefs nor the bill of exceptions taken at the time disclose what was the objection which the court sustained.

#### 2.—Judgment Lien—Fraud on Creditors.

Where, in an action to foreclose a judgment lien on land, it was shown that the land had been purchased by D., the judgment debtor, with the money of H., the defendant herein, but by mistake the deed was taken in D.'s name, and that he had conveyed the land to H. before plaintiff's judgment was filed and recorded, plaintiff could not recover in the absence of evidence constituting an attack on the latter conveyance as being in fraud of creditors.

#### 3.—Deed from Husband to Wife—Separate Property.

A deed from the husband to the wife necessarily makes the land her separate estate, whether it specifically so declares or not, since it could have no other effect.

#### 4.—Mistake in Deed—Mutuality.

Where the issue of mistake *vel non*, in the execution of a deed in the name of D., as grantee, was between D.'s creditor and a third person, to whom D. had conveyed the land, it was immaterial as to whether or not D.'s grantor shared in the mistake.

Appeal from the District Court of Hardeman. Tried below before Hon. S. P. Huff.

*E. E. Diggs,* for appellant.

*Kearby & Kearby,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant instituted this suit against appellee to foreclose a judgment lien upon a tract of land situated in Hardeman County, know as section No. 240, certificate No. 1-120, in block H of the Waco & Northwestern Railway Company lands.   The lien was alleged to have arisen by reason of the recording of an abstract of judgment in appellant's favor, against one H. C. Davis, the alleged owner of the land, on July 3, 1901, said judgment having been recovered against Davis in the County Court of Childress County on the preceding day.   The appellee answered setting up that the land was purchased by her and paid for out of her individual means, and that through mistake the deed to the same was taken in the name of H. C. Davis, her brother-in-law.   She further alleged that on discovering this mistake, on March 30, 1901, the first deed having been made March 5, 1901, said Davis duly conveyed the property to herself and her sister, Mary B. Davis.   By way of replication appellant attacked this last conveyance as being in fraud of his rights as creditor of Davis.   Upon a trial before a jury there was a verdict and judgment in favor of appellee.

Under the charge given to the jury they were required to find, before they could return a verdict for the appellee, that she in fact bought the land in the first place, and that Davis had no interest whatever therein, but that the deed from the vendor to him was made through mistake or inadvertence instead of being made to appellee.   And there being sufficient evidence to raise this issue and to support a verdict for appellee based on such charge, we are not at liberty to disturb the judgment.   At the time of the acquisition of the property one-half of the purchase money, $1,750, was paid in cash, admittedly out of funds belonging to Miss Humphreys, and the balance was evidenced by the notes of H. C. Davis.   There was some evidence indicating that at the time it was the intention of all parties that the land should belong equally to Miss Humphreys and her sister, Mrs. Davis, and that the latter should pay the purchase money notes, which she expected to do out of an estate coming to her in Virginia.   Upon the issues thus raised the court instructed the jury that if the property was bought by Davis and appellee jointly, even though appellee herself subsequently paid off the notes, or if they found the agreement to be that Mary B. Davis and appellee should purchase said land jointly, that in either event one-half of the land in controversy would be subject to the appellant's judgment lien.   In the face of these charges the jury returned a verdict for Miss Humphreys as before stated.

The first and second assignments of error, to the effect that the undisputed evidence shows conclusively that the land in controversy at the date of the filing of appellant's abstract was the community property of H. C. Davis and wife, are obviously not well taken, in view of what we have previously said.

The third assignment attacks the ruling of the court in excluding the order of continuance in the County Court of Childress County in the cause of this appellant versus H. C. Davis, upon the issue of fraud in the execution of the deed from H. C. Davis to his wife and

appellee of date March 30, 1901.   What the objection was which the court sustained to this evidence when offered is not disclosed, either in briefs or the bill of exceptions taken at the time.   This is fatal to the question.   But looking to the contents of the proffered order, we find that it merely shows that on April 2, 1901, Davis made an application for a continuance, and the court having heard and considered the same, was of the opinion that the cause should be continued, and it was so ordered.   This we think does not throw any light upon the question of fraud, tending to impeach the conveyance in question.   There was no evidence before the court which could be considered as constituting an attack upon the conveyance from Davis to his wife and sister, and indeed appellant does not complain that such issue was not submitted to the jury; this being true, the deed itself would constitute an insuperable barrier to appellant's recovery in this case, because at the date of the filing and recording of his abstract against Davis, the land did not stand in Davis's name, but in the names of appellee and her sister, Mrs. Davis, the deed to them having been recorded on July 1, 1901.   Insofar as Mrs. Davis' interest in the land is concerned the deed from Davis to her would necessarily make it her separate estate, whether that instrument specifically so declared or not.   It could have no other effect.   Lewis v. Simon, 72 Texas, 470; Callahan v. Houston, 78 Texas, 494; Swearingen v. Reed, 2 Texas Civ. App., 364, 21 S. W. Rep., 383.

On the issue of mistake in taking the deed in the name of Davis, we take it to be immaterial that it was not shown that Scarbrough, the vendor, shared the mistake, and therefore overrule the assignment making this point.

We find no error in any of the assignments, but believe the court's charge was a proper exposition of the law as applied to the facts of this case, and find that the evidence· was sufficient to support the verdict and judgment.   Judgment affirmed.

*Affirmed.*

Writ of error refused.