EMERY et al. v. BARFIELD et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 29, 1911. Rehearing Denied May 27, 1911.)

1. TRIAL (§ 149*)—DIRECTED VERDICT—REQUEST—NECESSITY.

It is not error to omit to direct a verdict for defendant, when he does not request it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 345; Dec. Dig. § 149.*]

2. HUSBAND AND WIFE (§ 119*)—WIFE'S SEPARATE PROPERTY—CONVEYANCE FROM HUSBAND.

As between husband and wife, and necessarily their heirs, a conveyance by him to her gives her a separate estate, whether the instrument so limits the estate or not, and though the wife assumes an incumbrance upon the property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 424–429; Dec. Dig. § 119.*]

Appeal from District Court, Taylor County; T. L. Blanton, Judge.

Trespass to try title by F. H. Barfield and others against S. E. Emery and others.

Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Grogan & De Bogory, J. F. Cunningham, and Theodore Mack, for appellants. J. M. Wagstaff, for appellees.

SPEER, J. The appellees sued appellants in trespass to try title to recover the west half of the Samuel Andrews survey, in Jones county, less 550 acres out of the original survey, and recovered an undivided one-half interest as the heirs of the community estate of Susan Sullivan and her deceased husband, J. M. Sullivan.

[1] Appellants' first complaint is that the court erred in not directing a verdict for the defendants. But if there were merit in this contention, which we think there is not, yet a sufficient answer is that no such instruction was requested. If there was any error in submitting question No. 1 to the jury, it appears to be to the prejudice of appellees, rather than appellants.

[2] As we view the case, the most important issue was submitted in the following form: "Question Second. At the time said J. M. Sullivan conveyed said land by a quitclaim deed to Susan Sullivan in December, 1891, did same become her separate property, or was it community property? In answering the above questions, I charge you that the effect of said deed was to make said property the community property of said two spouses, unless at the time of the execution thereof the said Mrs. Susan Sullivan had sufficient separate property of her own out of which she could have discharged the mortgage of $2,500 specified in said deed to be assumed by her, and unless it was contemplated that she should pay off and discharge said mortgage out of her own separate funds, and such was so done by her. If at the time said deed was executed, the said Mrs. Susan Sullivan had separate property sufficient to satisfy said mortgage of $2,500, and it was then contemplated by the said J. M. Sullivan and herself that she was to satisfy and discharge the said $2,500 out of her said separate funds and property, and that she did so satisfy same, then such property conveyed in said deed became her separate property."

This is objected to as being an improper presentation of the law to appellants' prejudice; appellants basing their claim, as they do, upon the contention that the property became the separate property of Susan Sullivan. We think the charge does misstate the law. As between husband and wife, and necessarily their heirs, a conveyance by the husband to the wife has the effect of vesting a separate estate in the wife; and this, too, whether the instrument so limits the estate or not. The deed could have no other effect. Jones v. Humphreys, 39 Tex. Civ. App. 644, 88 S. W. 403, and authorities there cited. Appellees' contention is that a married wo-

man cannot acquire real estate wholly on credit and that the acquisition by Mrs. Sullivan was an attempt to do so; but the transaction is more favorable to Mrs. Sullivan. If the land had not been incumbered, then clearly a conveyance by the husband to the wife would have inured to the benefit of her separate estate. Even though the property conveyed had been incumbered, yet such would have been the effect; for it would have been at least a gift by the husband to the wife of the equity previously existing in the husband of the community estate. That the wife assumes to pay such incumbrance cannot in our opinion prevent the deed having such effect. Some question might arise of the community's rights where such incumbrance is not actually paid out of the wife's separate property; but this, perhaps, is the utmost that can be said. The charge quoted improperly states that the deed in effect made such property the community property of J. M. Sullivan and wife, unless she had at the time property sufficient to discharge the mortgage of $2,500. By the conveyance of J. M. Sullivan he devested himself entirely of all interest in the land conveyed, and such interest as he owned was vested separately in Mrs. Sullivan. If so, her subsequent payment out of this property was undoubtedly a payment out of her separate estate, and that which remained continued to be of that estate.

For this error the judgment must be reversed. We might possibly be justified in affirming the case in part as to that portion of the land sold upon execution in favor of Parker against J. M. Sullivan prior to the recording of the deed from Sullivan to wife; but clearly the record does not require such course, and the answer of the jury having no doubt been influenced by the above misdirection to appellants' prejudice, the cause will be remanded for another trial.

Reversed and remanded.