MOLLOY v. BROWER et al.  (No. 8035.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 7, 1914. Rehearing Denied Dec. 5, 1914.)

1. EXECUTION (§ 172*)—ACTION TO RESTRAIN —EVIDENCE—DEEDS.

Where the pleadings in a wife's action to enjoin an execution sale, in satisfaction of her husband's debt, of property deeded to her by him, alleged that the deed to the wife was in fee simple as her separate estate, but did not purport to set out the tenor of the deed or more than its legal effect, it was not error to admit the deed in evidence, though it did not, in terms, limit the property to her separate use.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. § 172.*]

2. HUSBAND AND WIFE (§ 119*)—CONVEYANCE TO WIFE — EFFECT TO VEST SEPARATE ESTATE.

A deed from husband to wife necessarily vests the wife with a separate estate in the property conveyed, and is in law a conveyance to her separate use.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 424–429, 447; Dec. Dig. § 119.*]

3. EXECUTION (§ 172*)—LEVY—INJUNCTION— SUFFICIENCY OF EVIDENCE.

Evidence, in a wife's action to enjoin a sale of her property under an execution against her husband, held to sustain an implied finding that the writ of execution had been levied on her property.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. § 172.*]

4. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In a wife's action to enjoin a sale of her property under an execution against her husband, permitting plaintiff to testify to circumstances tending to make the property her separate estate, if error, was harmless, where the deed from the husband on which she relied, and which was offered in evidence, vested her with the separate estate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Injunction by Mrs. L. M. Brower and her husband against A. W. Molloy and another. From judgment for plaintiffs, the defendant named appeals. Affirmed.

Jas. C. Scott, of Ft. Worth, for appellant. Lindsley M. Brower and G. R. Lipscomb, both of Ft. Worth, for appellees.

SPEER, J. Mrs. L. M. Brower, joined by her husband, A. A. Brower, instituted this suit in the district court of Tarrant county to restrain A. W. Molloy and L. W. Allen, the latter as sheriff of Williamson county, from making a sale of a tract of land on a writ of execution issued out of the county court of Tarrant county for civil cases on a judgment in favor of A. W. Molloy against A. A. Brower, the plaintiff claiming the property as her separate estate. There was a trial before the court, resulting in a judgment in favor of the plaintiff perpetuating the injunction prayed for, and the defendant Molloy appeals.

The trial court found as matter of fact that the property in controversy was deeded by A. A. Brower to his wife, L. M. Brower, upon an understanding between both that the same should be her separate property, and that at the time of the conveyance the grantor was solvent, and furthermore that at that time appellant was not a creditor at all of the said A. A. Brower. The court further found that there was a consideration moving from Mrs. L. M. Brower to her husband to sustain the conveyance.

[1, 2] The first ruling of which the appellant complains is that the court erred in admitting the deed from A. A. Brower to Mrs. L. M. Brower because it varied from the deed pleaded by appellees, in that the pleading declared the conveyance was to the wife in fee simple as her separate estate, whereas the deed offered in evidence did not in terms limit the property to her separate use. We overrule this assignment for two reasons: First, because the pleadings did not undertake to set out the tenor of the deed evidencing Mrs. Brower's ownership, but merely the legal effect of the same; and, second, because since a deed from the husband to the wife can have no other effect but to vest in her a separate estate in the subject-matter of the conveyance, the deed was therefore in fact and in law a conveyance to her separate use. See Jones v. Humphreys, 39 Tex. Civ. App. 644, 88 S. W. 403, and cases there cited.

[3] It is next complained that the record contains no proof of a levy of the writ of execution alleged by appellees. The petition alleging in detail the levy of the execution was properly verified, and the appellants nowhere specifically deny such allegation. So that, it is doubtful if the same was an issue on the trial, but if so, the testimony of Mrs.

Brower is sufficient, we think, to support the implied finding that the writ had been levied on her property. She said:

"My husband sold and traded me a tract of land in Williamson county, Tex. It is the tract of land the defendant A. W. Molloy is seeking to sell under execution. in satisfaction of a judgment rendered against my husband, A. A. Brower, in the county court of this county, and my husband and I are plaintiffs in this case for the purpose of stopping the sale of said land for the reason that it is my separate property. I know it is the same land levied upon in this case because the sheriff sent me a notice describing the land by metes and bounds."

We adopt the trial court's finding of fact that the deed from A. A. Brower to Mrs. L. M. Brower was based upon a consideration, as the evidence is sufficient to show an indebtedness to her of many years' standing. It is therefore unnecessary for us to pass upon the sufficiency of the evidence to support the finding that appellant was not a creditor of appellee A. A. Brower at the time of the conveyance, and we, accordingly, will not do so.

[4] The rulings whereof it is complained that appellees were permitted to testify to facts and circumstances tending to make the property her separate estate present no possible error since, as we have already indicated, the legal effect of the deed was to vest in the wife the separate estate.

There is no error in the judgment, and it is affirmed.