## W. C. BELCHER LAND MORTGAGE CO. et al. v. BARFIELD et al. (No. 1346.)*

(Court of Civil Appeals of Texas. El Paso. June 15, 1922. Rehearing Denied Oct. 26, 1922.)

**1. Husband and wife ⊕═262(1)—Land conveyed by third person to wife presumably conveyed to community.**

Where there was nothing upon the face of a deed from a third person to a wife, nor any extrinsic evidence, to show that the property thus conveyed became her separate estate, the legal presumption was that it was conveyed to the community.

**2. Execution ⊕═274 — Claimants under unrecorded deed have burden of showing notice thereof to purchaser at execution sale at time of levy.**

Claimants under unrecorded deed *held* to have the burden of showing that judgment creditor, who purchased at execution sale under his judgment, had notice of the deed at the time levy of execution was made.

**3. Husband and wife ⊕═119(3)—Deed from husband to wife as between them conveyed title to separate estate.**

Deed from husband to wife containing clause that neither the grantor nor any persons claiming under him should have, claim, or demand any right or title, as between the husband and wife and as to their heirs, conveyed title to a separate estate to the wife, and was not a mere quitclaim, but conveyed the land itself rather than the chance of title.

**4. Estoppel ⊕═39—Deed from husband to wife for her separate estate held to pass after-acquired community title.**

Where a deed from husband to wife, of land as her separate estate, was not a mere quitclaim, but upon its face conveyed the land itself rather than the chance of title, any title acquired by the husband later, under a deed of the same land to his wife on its face passing title to the community, inured to his wife's separate estate.

**5. Fraudulent conveyances ⊕═172(1)—Deed from husband to wife, though in fraud of his creditors, vested separate estate in wife.**

Notwithstanding that a deed from a husband to his wife was made in fraud of his creditors, it was valid as between the husband and wife, and as between them vested title in the wife as her separate property.

Appeal from District Court, Jones County; W. R. Chapman, Judge.

Trespass to try title by F. H. Barfield and others against the W. C. Belcher Land Mortgage Company and others. From a judgment for plaintiffs, defendants appeal. Reversed and rendered.

C. S. Arnold and Wm. J. Berne, both of Fort Worth, for appellants.

Wagstaff & Wagstaff, of Abilene, and A. L. Green, of Breckenridge, for appellees.

HARPER, C. J. This suit was brought by appellees as the heirs of J. M. Sullivan, deceased, who died intestate, in trespass to try title to one-half undivided interest in approximately 700 acres of land patented to Samuel Andrews.

The record reveals that their claim is predicated upon the proposition that the land is the community estate of J. M. Sullivan and his wife, Susan Sullivan, the latter still living.

Appellants (defendants below) claim title and right to possession to the whole of the land, upon the proposition that it was the separate estate of Susan Sullivan and that they, through the conveyances hereinafter enumerated, have acquired title to all of the land claimed by them—that is, defendant Belcher Land Mortgage Company pleaded not guilty, that it had a valid subsisting mortgage which it had foreclosed, and had purchased the land at sheriff's sale without notice of plaintiff's claims; defendant appellant Miller claims title to all of 530 acres of the land through deed from said mortgage company without notice of plaintiff's claims; Sedberry, 113¾ acres from same source, and in addition pleaded that before he purchased the land he inquired of the plaintiffs and their attorney whether they claimed any interest in the land, and was informed that they had no interest, and that for this reason they are estopped from now claiming such interest in his tract.

The cause was submitted to the court without jury, and judgment entered for plaintiffs for the half interest in the land sued for against all three defendants, from which an appeal is perfected.

The chain or chains of title relied upon by both plaintiffs and defendants show title in J. M. Sullivan, December 10, 1891, at which date J. M. Sullivan conveyed to Susan, his wife; filed for record February 23, 1892, and recorded March 8, 1892. (The form and effect of this deed will hereinafter be passed on.) On the 5th day of January, 1892, sheriff's deed to R. H. Parker. It recites that it was made pursuant to an alias execution from the justice court on judgment in favor of said Parker against J. M. Sullivan for $25. On the 29th day of March, 1892, R. H. Parker conveyed to Mrs. Susan Sullivan for a recited consideration of $75. August 10, 1907, Susan Sullivan conveyed to S. E. Emmery, her son. October 1, 1908, deed of trust from said parties to Belcher Land Mortgage Company to secure $2,000 with interest. This deed of trust foreclosed by suit, and deed by sheriff to Belcher Land Mortgage Company

and then deeds from the latter to defendants Perry Miller and Sedberry for the acreage to each above indicated.

The first proposition is:

"The deed from J. M. Sullivan executed December 10, 1891, conveyed the land itself and not the chance of title, and passed by estoppel to the separate estate of Susan Sullivan whatever title he acquired under the subsequent deed from R. H. Parker to Susan Sullivan."

This deed is as follows:

"The State of Texas Taylor County.

"Know all men by these presents that I, J. M. Sullivan, of the county of Jones and state of Texas, for and in consideration of the sum of ten dollars to me in hand paid by Susan Sullivan of the county of Jones and state of Texas the receipt of which is hereby acknowledged do by these presents bargain, sell, release, and forever quitclaim unto the said Susan Sullivan her heirs and assigns, all my right, title, and interest in and to that tract or parcel of land, lying in the county of Jones and state of Texas, described as follows, to wit: Eleven hundred fifty acres of land, being a part of a survey of land patented to Samuel Andrews. Said patent dated October 28, 1859, patent No. 91, vol. 16. The land herein conveyed being the upper half of said tract of land lying in Jones county, Texas, on the west bank of the Elm Fork of the Clear Fork of the Brazos river.

"It is understood that as a further consideration for this transfer to Susan that the said Susan Sullivan is to assume and pay off a certain indebtedness of twenty-five hundred dollars together with all interest due the Jarvis Conklin Mortgage Trust Company.

"To have and to hold the said premises, together with all and singular the rights, privileges and appurtenances to the same in any manner belonging unto the said Susan Sullivan, her heirs and assigns forever, so that neither I, the said J. M. Sullivan, nor my heirs, nor any person or persons claiming under me, shall at any time hereafter have, claim or demand any right or title to the aforesaid premises or appurtenances, or any part thereof.

"Witness my hand this the 10th day of December, A. D. 1891.     J. M. Sullivan."

As between husband and wife, and as to their heirs, this deed conveyed title to a separate estate to the latter. Jones v. Humphreys, 39 Tex. Civ. App. 644, 88 S. W. 403; Emery v. Barfield (Tex. Civ. App.) 138 S. W. 419; Hardin v. Jones et al., 29 Tex. Civ. App. 350, 68 S. W. 836.

The next question is: Did she lose her title, so acquired, by reason of the execution sale under the Parker judgment, by reason of the fact that she failed to record this deed until after the record of the sheriff's deed to Parker?

The rule as to innocent purchaser is: A purchase in good faith without notice for value. There is no evidence in this record that Parker purchased without notice of the conveyance to Susan Sullivan, and, in the absence of such showing, the appellants need show no more than that the deed to Susan Sullivan was sufficient to pass title. Watts v. Bruce et al., 31 Tex. Civ. App. 347, 72 S. W. 258. But with or without notice, Parker having bid the land in at the execution sale for less than the amount of his judgment and the amount of his bid credited on the judgment, he was not an innocent purchaser. Ayres v. Duprey, 27 Tex. 593, 86 Am. Dec. 657; Orme v. Roberts, 33 Tex. 768.

Appellee, by counter proposition, says that Susan Sullivan having failed to record her deed until after the levy and sale of the land under the Parker judgment, and recording of Parker deed, lost any title which she may have acquired under the deed executed to her December 10, 1891. She would not acquire any title by estoppel on account of the Parker deed to the community estate.

If we are correct in the holding that the deed from J. M. to Susan Sullivan construed as a whole (Cook v. Smith, 107 Tex. 119, 174 S. W. 1094, 3 A. L. R. 940), conveyed the title to the land and not simply a chance of title, the after-acquired title to J. M. Sullivan, under the Parker deed, inured to her benefit, even though we concede that the holding of the trial court is correct that the deed from Parker to Susan Sullivan simply conveyed to the community estate (Lindsay v. Freeman, 83 Tex. 259, 18 S. W. 727; Johnson v. Marti, 214 S. W. 726).

But we conclude that the record does not support this finding, the evidence is all to the contrary. The land was conveyed by Parker to Susan Sullivan. There is no evidence that the consideration was paid out of the community, but under some authorities it would make no difference if it were. Higgins v. Johnson's Heirs, 20 Tex. 389, 70 Am. Dec. 394. It is in evidence, and uncontradicted, that he declared, after the Parker deed, that the land was the separate property of the wife, this taken in connection with the fact that before or at least on the very day that the levy of the execution was made by the sheriff he conveyed the same land to her. The presumption is that the land was a gift to her, or else that she paid the consideration out of her separate estate. Baldridge v. Scott, 48 Tex. 178; Cummins et ux. v. Cummins (Tex. Civ. App.) 224 S. W. 903. See the latter case for authorities collated as to intention of the parties, and as to parol evidence being admissible to establish such intention.

The court admitted in evidence an entry in a book found in the sheriff's office to the effect that the execution came to hand December 10, 1891, and was levied December 10, 1891, and date of sale, etc. This was objected to upon the ground that it was hearsay, not a book required to be kept, etc. These objections are good. It was not a record required or authorized to be kept, not proven to be correctly kept, and not of sufficient an-

cient origin as to make it admissible for any purpose.

With this out, there is no evidence of the date of the levy of execution in the record, and the burden was upon plaintiff to show that the levy antedated the deed from J. M. Sullivan to his wife, Susan Sullivan.

The plaintiff's claim of title being based upon title being in J. M. Sullivan at the time of his death, the question of notice to appellants through recitals in deeds of the fact that J. M. and Susan Sullivan were husband and wife and lis pendens, etc., of suits between the heirs become of no importance, in view of the holding that J. M. Sullivan had no inheritable interest in the land at the time of his death.

Believing that the case has been thoroughly developed, it will be reversed, and here rendered for appellants.

### On Rehearing.

HIGGINS, J. At the last term this case was reversed and rendered in favor of appellants. Near the end of the term appellees' motion for rehearing was granted, and the case carried over to this term in order that it might be given further consideration. This has been done, and the conclusion reached that the original disposition made was correct, but that some rulings made in the original opinion are not necessary to the decision. We will therefore in this opinion, restate the grounds of our decision.

The tract of land in controversy was the community property of J. M. Sullivan and his wife, Susan, the legal title being vested in the husband. By deed dated and acknowledged December 10, 1891, and filed for record March 8, 1892, J. M. Sullivan conveyed his interest in the land to his wife. This deed is quoted in full in the original opinion. J. M. Sullivan died intestate in September, 1892. The plaintiffs are his heirs at law, and upon the trial recovered an undivided one-half interest in the land. The appellants claim under Mrs. Sullivan as shown in the original opinion.

In January, 1892, the tract of land was sold by the sheriff as the property of J. M. Sullivan to R. H. Parker, under alias execution levied December 10, 1891, and issued upon a judgment against J. M. Sullivan in the justice court of Taylor county. The record is silent as to the priority of the execution of the deed or of the levy.

[1] By deed dated March 29, 1892, and recorded March 31, 1892, R. H. Parker conveyed the land to Susan Sullivan for the consideration of $75. There is nothing upon the face of this deed nor any extrinsic evidence to show that the property thus conveyed became her separate estate. The legal presumption, therefore, is that it was conveyed to the community.

The theory of the appellees is that the superior title to the land passed to R. H. Parker under the execution sale, and that this title passed by Parker's deed to the community estate of J. M. and Susan Sullivan, and upon the death of J. M. Sullivan his one-half interest descended to the plaintiffs.

[2] The appellants claim that the superior title did not pass to Parker under the execution sale, because it was not shown by plaintiffs that the execution was levied prior to the execution of Sullivan's deed to his wife, nor was it shown that Parker purchased at the sheriff's sale for value and without notice of the deed. In this there is no merit, for, assuming that the deed was executed prior to the levy, the burden rested upon appellants, as claimants under an unrecorded deed, to show that Parker had notice of the deed at the time the levy was made. Turner v. Cochran, 94 Tex. 480, 61 S. W. 923; Barnett v. Squyres, 93 Tex. 193, 54 S. W. 241, 77 Am. St. Rep. 854; Newman v. Phalen (Tex. Civ. App.) 214 S. W. 958; Whitaker v. Farris, 45 Tex. Civ. App. 378, 101 S. W. 456.

[3] It is further contended by appellants that the conveyance from Sullivan to his wife conveyed the land itself, and that any title subsequently acquired by him under the Parker deed passed to Mrs. Sullivan as her separate property under the rule relating to after-acquired title. In this connection it is earnestly insisted by appellees that the deed from Sullivan to his wife was a mere quitclaim and that the rule invoked therefore has no application. The question is not free from doubt, but upon careful consideration we adhere to the conclusion reached upon the original consideration of the case that under the authorities the deed is not a mere quitclaim, but upon its face conveyed the land itself rather than the chance of title. Cook v. Smith, 107 Tex. 119, 174 S. W. 1094, 3 A. L. R. 940; Laughlin v. Tips, 8 Tex. Civ. App. 649, 28 S. W. 551; Lewis v. Terrell, 7 Tex. Civ. App. 314, 26 S. W. 754.

[4] This being the nature of the instrument, we are of the opinion that any title acquired by J. M. Sullivan under the Parker deed inured to his wife in whom he had previously attempted to vest title.

In this connection it is argued by appellees that, if the conveyance to Parker had been a voluntary one by Sullivan and wife, and Parker had thereafter reconveyed to Mrs. Sullivan, the doctrine of an after-acquired title would have no application, and since the sheriff's deed conveyed to Parker the community estate of both Sullivan and wife, that the same rule would apply as in the case of a voluntary conveyance. To this view we cannot assent. The deed from Sullivan to his wife was valid as between them, and undertook to vest title in her as her separate estate. The vesting of this title in her was defeated by process against the husband; the sale to Parker was involuntary.

This being the case, we are of the opinion that the after-acquired title of J. M. Sullivan under the Parker deed should be considered as inuring to the benefit of the vendee, thereby perfecting in her as her separate property the defective title which he had previously conveyed to her. The case is altogether different from what it would have been had the Sullivans voluntarily conveyed to Parker.

[5] The trial court in effect found that the deed from Sullivan to his wife was made in fraud of the creditor Parker, and appellees assert that, in view of this finding, the deed was wholly void. But under the well-settled rule it was valid as between Sullivan and wife (Stephens v. Adair, 82 Tex. 214, 18 S. W. 102), and as between the parties vested, or rather attempted to vest, title in the wife as her separate property (Lewis v. Simon, 72 Tex. 470, 10 S. W. 554). The delay in recording the deed did not affect its validity as between the parties thereto.

As to the contention by appellees that the appellant mortgage company is estopped from claiming the land, this record is insufficient to present any issue of title by estoppel in appellees.

The ruling made renders it unnecessary to consider other questions presented by appellants.

For the reason indicated, the judgment of the court below is reversed, and here rendered for appellants.