## ARBUCKLE v. ARBUCKLE et al.

### No. 2814.

Court of Civil Appeals of Texas.
Tenth District. Waco.

Oct. 21, 1948.

Rehearing Denied Nov. 24, 1948.

Faulk, Sharpe & Cunningham, of Brownsville, for appellant.

John C. Myrick, of Harlingen, for appellees.

LESTER, Chief Justice.

This action was instituted by appellant, Gordon G. Arbuckle, against appellees, Delia Raines Arbuckle, Ralph T. Curry and Mrs. Ralph T. Curry, for a divorce from appellee Delia Raines Arbuckle and a property settlement and accounting against all the appellees.

Appellee Delia Raines Arbuckle filed a cross-action for divorce and property settlement. Appellees Mr. and Mrs. Ralph T. Curry answered, in substance, that they had bought the grocery store involved, and leased the other property involved for a period of three years from appellee Delia Raines Arbuckle.

The case was tried to the court and jury, and, among other things, it was found that the appellee Delia Raines Arbuckle had been guilty of harsh, cruel and inhuman treatment of such a nature as to render appellant's living with her insupportable, which ordinarily would have supported a judgment for divorce in favor of appellant. However, the trial court concluded

there was no evidence to support the finding on said issue of divorce and entered judgment denying a divorce to both appellant and appellee Delia Raines Arbuckle, and further decreed that since a divorce was not being granted, the trial court had no jurisdiction to adjudicate property rights as between appellant and appellee Delia Raines Arbuckle, and therefore their said property rights remained as they were at the time of institution of the suit. The judgment of the court further ordered that appellant take nothing by his suit against appellees Mr. and Mrs. Ralph T. Curry, which denied appellant the relief sought by him to set aside a three-year lease on the Templeton property, and to set aside the sale of the stock of groceries.

The evidence shows that at the time appellant and Mrs. Arbuckle married in 1940, appellant owned a one-half interest in a little home in the town of Combes, Texas, the other half belonging to his children by a previous marriage; that Mrs. Arbuckle owned a home and a small grocery store in Robertson county which she operated up to the time of her marriage to the appellant, and in addition thereto she had several hundred dollars in cash; that the home of the appellant was in a somewhat run-down condition and needed substantial improvements and she spent several hundred dollars of her own money in making said improvements; that in 1944 they traded the home in Combes for what is referred to as the Templeton property, consisting of a small store and several rooms used as living quarters and in which appellant and Mrs. Arbuckle lived as their home thereafter. Mrs. Arbuckle had gone into the grocery business prior to obtaining this property and she continued her business in the store located upon the Templeton property. The appellant operated a barber shop in part of said building. The purchase price of this property was fixed at $3,000.00. The jury found that the value of the separate property of Mrs. Arbuckle that went into the purchase of said property was the sum of $900.00, and that the separate property of the appellant was of the value of $1100.00, but one-half of which was owned by his two children. The deferred payments were made by Mrs. Ar-

buckle out of the earnings of her grocery store. She later bought the interest of appellant's children, which was also paid out of the earnings of the grocery store. Thereafter, on January 9, 1946, appellant executed a warranty deed, conveying the Templeton property to Mrs. Arbuckle, and at that time she executed to him a note for the sum of $500.00, payable at her death. Soon thereafter Mrs. Arbuckle had a heart attack and was no longer able to operate the grocery store as she had previously. In the spring or early summer of 1946 her daughter and son-in-law, Mr. and Mrs. Ralph T. Curry, went to Combes to assist her in operating said store and with a view of buying the business, and on August 1st they took over the grocery store under contract of sale previously made by Mrs. Arbuckle. On September 2d Mrs. Arbuckle executed to the Currys a lease for three years on the Templeton property. The appellant signed the lease contract as a witness, knowing and understanding the contents thereof. Prior to September 1st the appellant had spent several weeks in California with his daughter, and upon returning he witnessed the lease above referred to and on September 4th Mrs. Arbuckle gave to appellant a check for the sum of $520.00, which was in payment of the above mentioned note. The jury found that the appellant, in accepting and cashing the check, intended to accept the same in full settlement of such property rights as he might have or claim in and to the Templeton property. It appears that the appellant became dissatisfied and wanted to go back to California and did in a few days return to California, and has remained there ever since with the exception of returning on short visits to file his suit for divorce and prosecute it to final determination.

After the jury returned its verdict the appellant filed his motion for judgment non obstante veredicto, which the court overruled, and entered judgment denying the divorce and denying the appellant any relief sought for the cancellation of the lease and for the recovery of any rents paid thereon, and also denying the appellant any recovery for the amount paid for the grocery stock.

Appellant's first point raises the question of the validity of the lease contract executed by Mrs. Arbuckle to the Currys, and says the same is void because he did not join his wife therein and the same was not executed and acknowledged with the formalities required by law.

■ When the appellant, on January 9, 1946, executed his warranty deed conveying the property to his wife, it became her separate property and the appellant's only interest therein was his right of homestead, which he later abandoned. Emery v. Barfield, Tex.Civ.App., 183 S.W. 386; Molloy v. Brower et al., Tex.Civ.App., 171 S.W. 1079; W. C. Belcher Land Mtg. Co. v. Barfield, Tex.Civ.App., 244 S.W. 395.

As to appellant's homestead right in the Templeton property, the appellant consented to the leasing of the property to the Currys. He signed the contract as a witness, knowing that they were buying the grocery stock, and accepted the $520.00 check in full settlement of any claim that he might have in said property, intending at that time to leave and did leave, and on January 24, 1947, filed his suit for divorce against his wife. He permitted the Currys to take possession of the property and permitted them to pay the monthly rental to Mrs. Arbuckle for more than a year without raising any question or objection as to the validity of the lease or any claim of homestead until October 15, 1947, when his supplemental petition was filed.

■ The appellant having made full settlement for any interest that he had in the property, and at the same time abandoned it as his homestead, he had no interest in said property, nor is he entitled to recover from the Currys any part of the rental paid by them on their lease, the property being the separate property of Mrs. Arbuckle; and the questions raised by the appellant as to the validity of the lease cannot be raised by him as they are personal to her and under the facts of this case, she is the only one to raise such questions. Commercial Hotel et al. v. Weeks, Tex.Civ.App., 254 S.W. 521; James v. Perry, Tex.Civ.App., 208 S.W.2d 145.

Appellant further contends that as the grocery stock was community property, the sale thereof was invalid because not disposed of by appellant as manager of the community property of himself and appellee; or, if said sale was valid, that appellant was entitled to judgment for the amount of the purchase price belonging to the community property of himself and Mrs. Arbuckle.

■ At the time Mrs. Arbuckle went into the grocery business she did so using her money she had at the time of her marriage. Appellant told her at that time that she could retain all the profits as her own. She operated the business as she pleased, without any advice from or supervision, on the part of the appellant. She bought and sold at her will, paid the bills without consulting the appellant, in all of which the appellant acquiesced. He knew that she had contracted to sell the stock of groceries to the Currys and stood by without making any objection and permitted the Currys to pay his wife for the same. There is evidence that he witnessed the bill of sale executed by Mrs. Arbuckle to the Currys for the stock of groceries. The law provides that during coverture the common property of the husband and wife may be disposed of by the husband alone, but it can be disposed of just as effectively when done by his agent with his full knowledge and consent. Speer on Marital Rights, Sec. 180, p. 240, and cases there cited. The appellant cannot now complain that his wife had no right to dispose of the grocery stock under the facts reflected by this record, and he is completely estopped from making any claim for the same against the Currys.

Finding no reversible error, the judgment of the trial court is in all things affirmed.