## PRIDGEN v. McLEAN AND ANOTHER.

Where certain persons sue as partners doing business under a certain name and style, it seems that an amendment which strikes out one of the plaintiffs, is not such an amendment as entitles the defendant to claim the benefit of the statute of limitations to the date of the amendment.

Although an account be not between merchant and merchant, their factors and servants, yet if it be a mutual account current, no part of it will be barred by limitation if the last item on either side be within the two years. And see this case for the special circumstances.

See this case as to proof of interest on an account.

See this case, as to the period of limitation, which will bar an action by an accommodation acceptor who has taken up the bill, against the drawer.

Error from Houston. Harvey W. Hill, James and William J. McLean, alleged to compose the firm of Hill, McLean & Co., sued the appellent, alleging that on the 20th of April, 1848, the said defendant drew his certain draft in favor of a third person upon the plaintiffs, commission merchants residing and doing business in New Orleans, in the State of Louisiana, for a certain amount, due the first day of March, 1849, which was accepted and paid by them at maturity without funds of the defendant. Similar allegations as to a draft dated Oct. 18th, 1848, due January 4th, 1849. Alleged also a sale of certain goods and merchandize on the 13th of June, 1848, to defendant; claimed 2½ per cent. for accepting and same for advancing, and interest at 8 per cent. per annum as the rate allowed by the law of Louisiana. The petition was filed May 14th, 1851. The defendant, in his answer, denied the partnership of the plaintiffs, and supported the same by affidavit. He also pleaded set-offs and the statute of limitations of two years. March 4th, 1852, plaintiffs amended by striking out the name of William J. McLean wherever it occurred in the petition, and amended the other names of the members of said firm of Hill, McLean & Co., so as to make them read Harry R. W. Hill and James L. McLean. The facts were proved as

alleged in the petition, except as to the interest allowed by the law of Louisiana; as to which there was no evidence, unless it were from the proof of accounts rendered in which eight per cent. per annum was charged, without proof of objection thereto. A general mutual account current (not sued on) between the plaintiffs and defendant was in evidence, in which the drafts and goods sold and commissions thereon appeared as items, and in which there was an entry to the credit of defendant of proceeds of four bales of cotton, dated May 24th, 1849. There was no allegation or proof that the defendant was a merchant.

The Judge charged the jury that if they were satisfied from the evidence that defendant drew the two drafts mentioned in plaintiff's petition, and that plaintiff paid off said drafts as charged, and brought suit for the amount due thereon within four years after the liability thereon accrued to plaintiffs against defendant, they constituted a good demand. The liability on the drafts is not barred by our statute of limitations in less than four years. The jury are to determine from the evidence whether the charge of eight per cent. interest has been sustained. Interest on a liability which accrued in another State must be charged and proved as any other fact.

*G. F. Moore,* for plaintiff in error. If the action is predicated upon the bills and not upon the alleged promise (the promise laid in a declaration in assumpsit. REPS.) the petition shows no cause of action, and will be dismissed by the Court, although exception was not taken to it either by demurrer or assignment of error. (Petty v. Cleveland, 2 Tex. R. 404; DeWitt v. Miller, 9 Tex. R. 239; Wetmore v. Woodhouse, 10 Tex. R. 33.)

But leaving out of view the fact that the petition alleges a parol undertaking, and if it were shown by sufficient averments that the plaintiffs below had accepted and paid the bills without funds of the defendant in their hands, but solely for his accommodation, would their right of action be upon the

bills themselves or upon an implied promise raised by the law from these facts? If on the latter, it must be conceded, I think, in any view that can be taken of the case, that the charge of the Court is erroneous.

In the case of Close v. Fields, 2 Tex. 235, it is said, "That "according to the principles of liability of the drawer to the "acceptor for accommodation, the acceptor can never sue upon "the bill; he must sue as for money loaned or paid to the "use of the drawer." And this doctrine is fully sustained by authority and principle. (Chit. on Bills, 317-8; Id. 537; 1 N. Y. Dig. p. 268, Sec. 191, (which refers to Suzdam v. Wesfall, 4 Hill, 211; Wing v. Terry, 5 Hill, 160; Griffith v. Reed, 21 Wend. 502;) Holman v. Rogers, 6 Tex. 97; Chit. on Cont. 597; Burge on Surety, 360.)

The action cannot be brought upon the bill, because the payment of a bill by the acceptor is a complete satisfaction of the same. (Chit. on Bills, 223 a; McLean v. Lafayette Bank, 3 McLean, 587; 1 U. S. An'l Dig. p. 452, Sec. 11.)

That the accommodation acceptor has an action on the implied contract (see authorities referred to above) conclusively shows that he has no right of action upon the bills, because the law does not imply a promise where there is an existing contract between the parties; and it would follow, that if a surety or accommodation acceptor had an action upon the note or bill, the law would not give him an implied one for money paid for the use, &c. (Toussaint and others v. Martinnant, 2 Duwf. & East, 104 and 5.)

The acceptor being the debtor and the drawer the creditor, in the contract evidenced by the bill, if the action was not grounded upon the independent, implied or express collateral contract, where the bill has been paid for the accommodation of the drawer, parol evidence could not be received to show these facts, as it would vary the written contract contained in the bill.

Although it is necessary for the accommodation acceptor to set up the execution of the bill, and aver its payment, this is

merely for the purpose that he may show and prove a performance of a sufficient consideration for the contract upon which his action is founded, but the facts which entitle him to maintain the suit being established by the parol testimony and not by what is contained in the bill, in no just sense can the suit be said to be, in the language of the statute of limitations, "an action of debt grounded upon a contract in writing."

*Cravens & Perry*, for defendants in error.

WHEELER, J. The evidence establishes a mutual account current between the parties, running down to the 24th of May, 1849. This suit was commenced on the 14th of May, 1851. Consequently two years from the date of the last item in the account current had not elapsed at the time of bringing the suit; and the action was not barred by the statute. (Pridgen v. Hill, *Supra*.) The defendant therefore can have sustained no injury by reason of the error in the charge complained of. It is not perceived that there was any error committed by the Court in the general charge, or in the ruling upon the instruction asked, which, in reference to the evidence in the case, can possibly have worked any injury or injustice to the defendant. The verdict appears warranted by the evidence and law of the case; and the Court did not err in refusing to grant a new trial, merely for the correction of errors and irregularities in practice, in no way affecting the merits or justice of the case. The judgment is affirmed.

Judgment affirmed.