HADDOCK, REED & Co. v. H. CROCHERON.

1—One partner of a firm can not, after a dissolution of the partnership, bind the other partner by a new engagement.

2—A note given by one partner after a dissolution of the partnership does not bind the other partner, although given in the partnership name and in consideration or settlement of a subsisting partnership liability.

3—The signing a note with the firm name "in liquidation" is of itself notice to the taker of the note that the partnership had been dissolved.

4—The plaintiffs sued on a note given them in the name of a firm in liquidation. The defense was pleaded that the note was given by one of the partners after dissolution of the partnership, and without the authority of the partner sued. The plaintiffs then amended their petition and set up a partnership note in lieu of which the note first sued on was given. *Held*, that against the original note thus set up by the amended petition, the statute of limitations continued to run until the amended petition was filed.

APPEAL from Bastrop. Tried below before the Hon. David Sheeks.

In November, 1867, the appellants sued the appellee as a member of the firm of Dimon & Crocheron, on two notes for $704 each, dated February 24th, 1860, and due respectively in three and four months after date. The notes were signed "Dimon & Crocheron, in liquidation." The petition alleged that Dimon was dead.

Crocheron answered that the firm of Dimon & Crocheron was dissolved long before the execution of the notes sued on; that he did not execute, nor authorize any one else to execute the notes sued on; and that he was not liable for any contracts made by Dimon at the date of the notes.

The plaintiffs then amended and set up a note of the firm of Dimon & Crocheron, made in 1857, and before they dissolved, for a balance due on which the note described in the original petition was given.

The defendant pleaded the statute of limitations to the amended petition.

At the trial the evidence of a book-keeper of the plaintiffs, in relation to entries on their books respecting the state of accounts between them and Dimon & Crocheron, was excluded, on objections of the defendant, and the plaintiff excepted.

A jury was waived, and the cause submitted to the court, who rendered judgment for the defendant. A motion for a new trial was made and overruled, and the plaintiffs appealed.

*Hancock & West*, for the appellants. (On motion for rehearing.) If the original note was a nullity from want of authority in Dimon to execute it so as to bind Crocheron, then the original cause of action, the first note, was not merged in the notes sued on, and an action could be maintained on the original note. And such was the effect of the amendment. (7 Mass., 123; 13 Wendell, 505; 3 New Hampshire, 348; 3 East, 104; 1 Chitty's Pleadings, marginal, page 105.)

The court below disregarded this, and excluded evidence going to show the fact that this note was one in lieu of which the notes first sued on were given.

*A. D. McGinnis*, for appellee. It is respectfully submitted, that it is not in the power of one partner to bind other members of the firm by any acknowledgment or contract after the dissolution of the partnership, unless it is shown by evidence *aliunde* that the copartnership had contracted the

indebtedness anterior to the dissolution. See 3 Kent Com., 351 n. ; Story on Partnerships, §§ 323, 324 and notes ; Speake v. White, 14 Tex., 364 ; White v. Tudor, 24 Tex., 639.

It is submitted the evidence in this case is not sufficient to show there was any antecedent indebtedness of Dimon & Crocheron, for which the note was given. All the witnesses of appellants testifying as to the contents of appellant's books being properly excluded by the court, because the books themselves ought to have been produced in court, that they might have been examined and scrutinized by the party sought to be charged, after which, if the court was satisfied they were correctly and honestly kept as a book of original entries, that the charges were made at the time of the sale of the articles, and the plaintiffs had made the suppletory oath required, they might have been admitted as evidence, but there is no rule that would permit evidence of the contents of a book of entries of private parties. See 1 Greenleaf on Evidence, p. 156, n. 1 ; O'Neale v. Walton, 1 Richardson, 234 ; Bank of Tennessee v. Cowen *et al.,* 7 Humphreys, 70 ; Townsend v. Coleman, 20 Tex. 817.

LINDSAY, J.—There is really but a single question presented for our consideration by this record, and that is, can one partner, after a dissolution of the partnership, by a *novation general,* or by a new engagement with his creditor, in consideration of being discharged and released from a liability, contracted during the existence of the firm, bind the retired partner by such new engagement or new obligation ? This is not now an open question in this State. In Speake v. White, 14 Tex. R., 368, it was decided that "the acknowledgment of an antecedent indebtedness by one partner, after dissolution, did not bind the firm." In White v. Tudor, 24 Tex. R., 641, it is even held, that a general authority to one partner, after dissolution, to settle the business of the firm, does not warrant him to "give a note in the name of the firm for a firm debt, or to renew one given before the dissolution." This general conclu-

sion, and these authoritative decisions, upon the vital point in this case, supersede the necessity of investigating the propriety of the exclusion of the testimony in relation to the entries in the books of the creditor. For the proof, if it had been admitted, would only have conduced to prove that the partner had executed new notes, after dissolution, for an existing obligation of the firm, which would not be binding upon the retired partner, according to the decisions of this court. Nor does the fact of the want of knowledge of the dissolution in the creditor, up to the time of the giving of the new obligation, alter the force and effect of this new arrangement, since the knowledge was necessarily brought home to him, at the time of the arrangement, by the contracting partner's signing the firm name "in liquidation." The judgment of the District Court is, therefore, affirmed.

Affirmed.

LINDSAY, J.—The court has carefully examined the ground for a rehearing in this case. The judgment of the court below was affirmed, because the notes, executed in the name of a firm by one partner, after dissolution, did not bind the retired partner. But a rehearing is sought, because by an amended petition of the plaintiff, filed June 9, 1868, the plaintiff sought to recover on the original cause of action. The statute of limitations was relied upon in the amended answer. The statute of limitations having begun to run upon the original cause of action, was not arrested until the filing of the amended petition. The original note was executed on the 23d of February, 1857. The amended petition was filed the 9th of June, 1868. Then, abstracting the time between the 2d of March, 1861, and the 2d of September, 1866, the full period of four years had elapsed before the institution of the suit; and the statute being relied upon in the answer, this court is bound to treat it as a bar to the action. The application for a rehearing is therefore refused.

Rehearing refused.  ·