JOHN W. WOOLDRIDGE v. J. W. HATHAWAY.

AMENDMENT—NEW CAUSE OF ACTION.—Suit was brought on a promissory note by plaintiff as executor. By amendment, over two years after the institution of the suit, plaintiff alleged that defendant had converted to his own use a horse, for which the note had been executed, and asked judgment for the value of the horse. To this the defendant pleaded limitation. *Held*, That the amendment set up a new and different cause of action, against which limitation ran until the filing of the amendment.

APPEAL from Lamar. Tried below before the Hon. John C. Easton.

The facts are given in the opinion.

*Maxey & Lightfoot* and *W. B. Wright,* for appellant, cited Rose v. Newman, 26 Tex., 133; Oldham v. Smith's Ex'r, 26 Tex., 532; Bigelow on Estoppel, 37, 45; Aurora City v. West, 7 Wall., 82; Beliot v. Morgan, 7 Wall., 619; 5 Wall., 566; Bobe v. Stickney, 36 Ala., 482; Lynch v. Baxter, 4 Tex., 440; Fisk v. Norvel, 9 Tex., 13; Broom's Law Max., 706; Haddock v. Crocheron, 32 Tex., 276; Furlow v. Miller, 30 Tex., 28; Erskine v. Wilson, 27 Tex., 117; McNeil v. Childress, 34 Tex., 370; Henderson v. Kissam, 8 Tex., 46.

*E. L. Dahoney,* for appellee.

ROBERTS, CHIEF JUSTICE.—The appellee brought this suit as executor of the last will and testament of J. C. Wooldridge, deceased, against appellant, upon a note, in substance as follows, to wit: "Twelve months after date we, or either of us, promise to pay to Philip Miles, commissioner appointed to sell the property belonging to the estate of J. C. Wooldridge, one hundred and eight dollars, with ten per cent. from maturity. Witness our hands this October 16, 1863.

"J. W. WOOLDRIDGE,
"WM. A. VOWELL,
"ELIJAH HAMRICK."

The appellee alleged that he was the executor of said estate at the time said note was executed, and was still executor, and that said note was left in his hands for the payment of outstanding debts after a settlement of said estate, and was the property of said estate.

The defendant excepted to the petition as insufficient, and pleaded that plaintiff having made a final settlement, and having turned over the property of said estate to the persons entitled to it, pursuant to an order of the County Court, was no longer executor of said estate; and for that, as well as for other grounds stated in the answer, he was not entitled to recover on said note.

The plaintiff below, by his last amended petition, alleged "that said note was executed for property belonging to the estate of J. C. Wooldridge, deceased, of which estate plaintiff is the executor, and entitled to represent it; to wit, a horse, which was of the reasonable value of the amount of said note, and was purchased by said defendant at public sale, and at the highest bid, and that defendant has never returned said horse to the estate, but has converted the same to his own use, and refuses to account for the same; wherefore he prays for judgment for the recovery of the value of said horse, and interest thereon, to wit, the sum of one hundred and fifty dollars, and costs and general relief."

To this the defendant excepted as insufficient, and as being a new cause of action, and also pleaded the statute of limitations of two years, as well as a general denial.

Upon the exceptions of defendant, the court rendered the following, decision, to wit: "Defendant's demurrer to plaintiff's original and first amended petition sustained; this cause to proceed on the last amended petition."

Accordingly, the case was tried alone upon amended petition, alleging a conversion of the horse, and seeking a recovery of the value thereof, with interest thereon, as is indicated by the evidence adduced and the charge of the court given to the jury. Upon that issue the jury found a verdict for

plaintiff for the sum of $146.43, upon which judgment was rendered for the plaintiff. The suit upon the note was filed on the 15th of February, 1870, and the amended petition, declaring upon the conversion of the horse, and claiming its value with interest, was filed on the 20th of August, 1873— more than two years after the suit was brought, and more than two years after the running of the statute of limitation upon the cause of action arising upon the alleged conversion of the horse.

The court charged the jury as follows, to wit: "The amended petition, or replication, as it is called by the pleader, filed on the 20th of August, 1873, does not set up any new cause of action, and hence the statute of limitations does not apply to this case."

A counter charge was asked by the defendant, and refused by the court.

The giving of this charge was made one of the grounds of the motion for new trial, and is assigned as error.

The amended petition, declaring upon the conversion of the horse, and claiming a recovery of its value and interest, was not only a new, but also an entirely different cause of action from the note, which was the foundation of the suit, as contained in the original petition, and therefore the court erred in the charge above quoted.

This being decisive of the case, it is unnecessary to notice other questions presented in the record.

REVERSED AND REMANDED.