## W. C. ANDERSON ET AL. v. LAURA A. ANDERSON ET AL.

### No. 1095. Decided April 3, 1902.

**Trespass to Try Title—Plaintiffs Claiming in Common—Recovery by One.**

Though several plaintiffs join in trespass to try title, claiming interests in common, there may be proof of title in and recovery by one only, in his separate right. Pasch. Dig., art. 1476; Rev. Stats., 1879, arts. 1335, 1336, 4807; Rev. Stats., 1895, arts. 5271, 5260. (Pp. 367, 369.)

Question certified by the Court of Civil Appeals for the Third District, in an appeal from Brown County.

*Jenkins & McCartney,* for appellants.—Where a number of persons sue jointly in trespass to try title, if some of them have no title, the others can not recover. Murphy v. Orr, 32 Ill., 489; Marsteller v. McClean, 7 Cranch, 156; DeMill v. Moffat, 49 Mich., 128; Kelley v. Meins, 135 Mass., 235; Hoyle v. Stowe, 2 Dev. (N. C.) Law, 318; Taylor v. Taylor, 3 A. K. Marsh., 19; Taylor v. Whiting, 4 B. Mon., 365; Teal v. Terrell, 48 Texas, 491.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Third Supreme Judicial District has certified to this court the following statement and question:

"This is an ordinary action of trespass to try title brought by five plaintiffs, alleging in their petition that they are the joint owners of the land in controversy. The undisputed testimony establishes the fact that Laura A. Anderson, one of the plaintiffs, owns the land in her own separate right, and that neither the other plaintiffs nor the defendants have any title thereto.

"The defendants objected to the testimony showing the title to be in Laura A. Anderson, upon the ground that it was at variance with the averment of joint ownership in the plaintiffs' petition. The court overruled the objection and rendered judgment for Mrs. Laura A. Anderson for the land in controversy, and that the defendants recover costs from them. This ruling and action of the court is assigned as error.

"With this statement and explanation, the Court of Civil Appeals for the Third District certifies to the Supreme Court for decision this question:

"Did the District Court commit reversible error in overruling the objections urged to the plaintiffs' testimony showing title in Mrs. Laura A. Anderson and in rendering judgment for her for the land in controversy? In other words, was the variance between the averment of joint ownership in the petition and the proof fatal to Mrs. Laura A. Anderson's right to recover?"

To the question we answer, there was no error in admitting evidence to establish the title of Mrs. Anderson, nor in rendering judgment in her favor for the land.

Article 1476 of Paschal's Digest reads as follows: "Judgments in the district court shall in all civil cases be rendered so as to conform to the pleadings, the nature of the case as proved, and the verdict thereon." This statute was in force at the time Judge Moore delivered the opinion in Teal v. Terrell, 48 Texas, 509, in which he said: "There is also, in my opinion, an error, not discussed by counsel or distinctly presented by the assignment of errors, but going to the foundation of the judgment, which would require its reversal, and to which, in remanding the case to the District Court, it is proper to call the attention of the parties. The plaintiffs, in their petition, claim to be joint owners of the land sued for, and they have, by the judgment, jointly recovered. But the evidence shows several titles for some of the tracts, making the aggregate described in the petition and judgment. The testimony relied upon by the plaintiffs does not, therefore, prove the title alleged in their petition, or support the judgment." That opinion was filed in 1878, and in 1879 the Revised Statutes were enacted which contain the following provisions in lieu of the article quoted:

"Art. 1335. The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity.

"Art. 1336. Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and against or for one or more of several defendants or interveners."

These articles are practically the same as in the previous statute and apply to suits generally, but the action of trespass to try title has been governed by rules of pleading different from those which obtained in cases generally, and the codifiers introduced article 5271, Revised Statutes (article 4807, Revised Statutes of 1879), into title 106, which provides: "When there are two or more plaintiffs or defendants, any one or more of the plaintiffs may recover against one or more of the defendants the premises or any part thereof, or any interest therein, or damages, according to the rights of the parties." It is apparent from a review of these different statutory provisions, in connection with the fact that the change was made just after the announcement by Judge Moore of his personal opinion upon this subject, that the codifiers intended to avoid the effect of that decision as to cases of trespass to try title and to permit one of several joint plaintiffs to recover, although there might be a total failure of proof as to the other plaintiffs, and also to permit one of such plaintiffs to recover all or a portion of the lands sued for. No other reasonable construction can be given to article 5271, because plaintiffs could not join in the action unless they claimed in some common right; it would be a misjoinder, therefore the statute must mean that where plaintiffs join, claiming in a common right, and it is established that one alone is entitled to recover, such one shall recover according to his rights as shown by the evidence, either in whole or in

part, or against one or all of defendants. We think this view is strengthened also by article 5260, which was introduced into title 96, Revised Statutes of 1879, by the codifiers and provides that either party may demand of the other an abstract of his title, to which the evidence must be confined, thereby securing all advantages that would be afforded by special pleading.