FORT WORTH & RIO GRANDE RAILWAY COMPANY v. HADLEY & ALVORD.

Decided April 1, 1905.

1.—Carriers of Freight—Harmless Error in Admitting Evidence—Correction by Charge.

The erroneous admission in evidence of testimony on the part of plaintiff showing a contract made by the carrier's agent (he having no authority to make it) to get the shipment of cattle to market by a certain day, was harmless where the court charged the jury not to consider such evidence for any purpose, and that the law imposed on the carrier only the duty of exercising ordinary care to transport the cattle within a reasonable time and with reasonable safety.

2.—Same—Evidence to Show Negligent Delay.

Such evidence, while not admissible over the subsequent written contract to show an oral agreement to get the cattle to market by a certain day, was admissible, it seems, as bearing on the issue of negligence in failing to get them there under the written contract by that time.

**3.—Practice on Appeal—Suggestion of Delay.**

A suggestion that the appeal is taken only for delay opens up the entire record and requires the Appellate Court to reverse for errors though not assigned.

**4.—Same—Affirmance with Damages.**

There appearing to be no just cause for the appeal in this case, it is held to have been taken for delay only, and the judgment is therefore upon appellees' motion affirmed with ten percent damages.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*West, Chapman & West* and *Theodore Mack,* for appellant.

*John C. Woods, Ben M. Terrell* and *Sam J. Hunter,* for appellees.

SPEER, ASSOCIATE JUSTICE.—This is an action by Hadley & Alvord, shippers, against the Fort Worth & Rio Grande Railway Company, Red River, Texas & Southern Railway Company and St. Louis, San Francisco & Texas Railway Company, carriers, for damages to a shipment of cattle from Dublin, Texas, to East St. Louis, Illinois, resulting in a verdict and judgment for the plaintiffs in the sum of $1,551.79, with interest. The defendants in the action have appealed, and the appellees have presented a formal motion suggesting that the appeal was taken for delay, and ask that the judgment be affirmed with ten percent damages.

There are only four assignments of error presented in appellants' brief, all of which predicate error upon the ruling of the court in admitting in evidence the testimony of certain witnesses tending to show an agreement upon the part of appellants' agent at Dublin to deliver the cattle in East St. Louis for a particular market; whereas the written contract of shipment subsequently entered into between the parties stipulated that no agent had the authority to make such an agreement, which agreement the carrier expressly declined to enter into. Upon this point the court, however, instructed the jury as follows: "All evidence introduced as to alleged statements made by Mr. Troxell, the railroad's station agent at Dublin, to the effect that said cattle would be transported by defendants from Dublin to East St. Louis in time for the market of Tuesday, April 29, 1902, is excluded from your consideration, and you will not consider the same for any purpose." And again instructed them that "the defendants were not, under the law, bound absolutely and unconditionally to transport the cattle in controversy from Dublin to East St. Louis in time for the market of Tuesday, April 29, 1902, but they owed the duty, under the law, to exercise ordinary care to transport the same within a reasonable length of time and with reasonable safety." So that, if the admission of the testimony could be held to be erroneous, it nevertheless is quite certain that no harm resulted to appellants from the ruling of the court. But we are inclined to believe the testimony was properly admitted in the first place, not to establish an oral contract for the delivery of the cattle in East St. Louis for Tuesday's market, but as bearing upon the issue of negligence in failing to deliver them under the written contract at that time.

The suggestion of delay, opening up the entire record as it does, requires us to reverse for errors though not assigned. But we have failed to find any which would require a reversal of the case.

We are constrained to hold that there was no just cause for appeal in this case, and that the appeal was evidently taken for delay only, and therefore sustain appellees' motion to affirm the judgment of the District Court, together with ten percent damages thereon.

Affirmed with damages.

*Affirmed.*