BAKER v. GULF, C. & S. F. RY. CO.
(No. 5569.)

(Court of Civil Appeals of Texas. Austin. Jan. 26, 1916. Rehearing Denied March 1, 1916.)

1. LIMITATION OF ACTIONS ⊕⇒121(2)—AMENDING PETITION—VARIANCE—TOLLING STATUTE.

Where, in an action by joint owners for injuries to property, the petition is amended so as to take away a party plaintiff, so that proof of the ownership alleged in the amended petition would not support the ownership alleged in the original petition, such amendment cannot be held to be a new suit barred by the statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. ⊕⇒121(2).]

2. LIMITATION OF ACTIONS ⊕⇒121(2)—PARTIES PLAINTIFF — AMENDMENT — TOLLING STATUTE.

In a proper case, a party plaintiff may be dropped by amendment without thereby rendering the statute of limitations available against the remaining plaintiffs.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. ⊕⇒121(2).]

3. LIMITATION OF ACTIONS ⊕⇒127(1)—AMENDING PETITION—TOLLING STATUTE—RULE.

In determining whether an amended petition states a new cause of action barred by limitation, or is the same cause originally declared on, the question is not whether different facts have been alleged, but whether the facts alleged in the amended petition constitute a dif-

ferent cause of action from that originally pleaded.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 543; Dec. Dig. ⊕⇒127(1); Pleading, Cent. Dig. § 688.]

4. LIMITATION OF ACTIONS ⊕⇒127(1)—AMENDING TO SAVE CAUSE OF ACTION.

Amendments are expressly allowed to save causes of action from the operation of the statute of limitations, and the courts are liberal in allowing such amendments, subject, however, to defendant's statutory right to the bar of the statute of limitations, which is not to be denied simply because plaintiff is thereby denied a trial on the merits.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 543; Dec. Dig. ⊕⇒127(1); Pleading, Cent. Dig. § 688.]

5. LIMITATION OF ACTIONS ⊕⇒126—PARTIES PLAINTIFF—WANT OF PRIVITY.

A suit brought by A. will not suspend the statute of limitations as to a suit subsequently brought by B. for the same cause of action after the expiration of the time limit, where there is no privity in such case between A. and B.; the requirement of the statute that suits shall be instituted or commenced within a certain time meaning that the suit shall be brought by the party having the cause of action.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 548–550; Dec. Dig. ⊕⇒126.]

6. LIMITATION OF ACTIONS ⊕⇒126—IDENTITY OF CAUSES—DETERMINATION.

In determining the identity of causes of action on the question whether the first suit tolls the statute of limitations as to the second, the following tests are to be applied: (1) Would a recovery upon the original action bar a recovery upon the amended petition; (2) would the same evidence support both pleadings; (3) is the measure of damages the same in each case; and (4) are the allegations of each subject to the same defenses?

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 548–550; Dec. Dig. ⊕⇒126.]

7. LIMITATION OF ACTIONS ⊕⇒121(2)—COMMENCEMENT OF ACTION — AMENDMENT — CHANGE OF PARTIES.

The addition or subtraction of a party plaintiff is not the bringing of a new suit, since the same cause of action is being prosecuted against the same defendant.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. ⊕⇒121(2).]

8. LIMITATION OF ACTIONS ⊕⇒121(2) — COMMENCEMENT OF ACTION — ADDING PARTY — BAR.

Where a new party is added in a suit, however, after the statute has run, the action is barred as to such new party plaintiff, since as to him the suit was not instituted within the prescribed time.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. ⊕⇒121(2).]

9. ACTION ⊕⇒1—"CAUSE OF ACTION"—DEFINITION.

A "cause of action" is, abstractly, a right claimed or wrong suffered by the plaintiff on the one hand and the duty or delict of the defendant on the other. The right claimed by plaintiff, or the duty owing by defendant, do not strictly constitute a cause of action; it being the violation of the plaintiff's right by the nonobservance of defendant's duty which makes the cause of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 1–7, 85; Dec. Dig. ⊕⇒1.

For other definitions, see Words and Phrases, First and Second Series, Cause of Action.]

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. LIMITATION OF ACTIONS ⊚⟿127(2)—COMMENCEMENT OF ACTION — PETITION — DAMAGES.**

A cause of action is not changed by an amendment which claims merely a different measure of damages.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 544; Dec. Dig. ⊚⟿ 127(2); Pleading, Cent. Dig. § 688.]

**11. LIMITATION OF ACTIONS ⊚⟿121(2)—COMMENCEMENT OF ACTION—PARTIES PLAINTIFF —AMENDMENT—EFFECT.**

Two parties brought an action for injuries to property. After the case had gone to trial, and after the cause of action would have been barred by the statute of limitations, it developed that one plaintiff had bought the interest of his coplaintiff, and was the only party in interest, whereupon the petition was amended so as to make the owner sole plaintiff, the allegations of the petition being otherwise unchanged. *Held*, that such amendment did not constitute a new cause of action barred by the statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. ⊚⟿121(2).]

**12. LIMITATION OF ACTIONS ⊚⟿121(2)—COMMENCEMENT OF ACTION — PARTIES PLAINTIFF—AMENDMENT—IMMATERIALITY.**

Since Rev. St. 1911, art. 1995, provides that judgment may be given for or against several plaintiffs or defendants, so that joint plaintiffs are not confined to a joint recovery, or none at all as at common law, such amendment of the petition was immaterial, since the failure of the withdrawing plaintiff to establish a right to recover, had he remained a party, would not have affected the remaining plaintiff's right to recover.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. ⊚⟿121(2).]

Appeal from District Court, McCulloch County; Jno. W. Goodwin, Judge.

Action by L. M. Baker against the Gulf, Colorado & Santa Fé Railway Company. From a judgment dismissing his action, plaintiff appeals. Reversed and remanded.

J. A. Adkins and F. M. Newman, both of Brady, and Wilkinson & Baugh, of Brownwood, for appellant. Sam McCollum, of Brady, Terry, Cavin & Mills, of Galveston, and Lee, Lomax & Smith, of Ft. Worth, for appellee.

JENKINS, J. J. T. and L. M. Baker brought suit against the appellee to recover damages on account of alleged injuries to their property. The case went to trial after the alleged cause of action would have been barred by the statute of limitation, had the suit not been instituted prior to that time. Upon the trial, L. M. Baker testified that the property alleged to have been injured was formerly the property of himself and J. T. Baker, but that prior to the injury he had purchased the interest of J. T. Baker therein. Thereupon the appellant, upon leave of the court, filed an amended petition, in all respects similar to the original petition, except it was alleged that the property belonged to L. M. Baker, instead of to J. T. and L. M. Baker, as alleged in the original petition. The appellee then excepted to the amended

petition as showing upon its face that the cause of action therein alleged was barred by the statute of limitation. This exception was sustained by the court, and, the appellant having declined to further amend, judgment was entered dismissing the case. The appellant, having excepted to such action of the court and perfected his appeal, here presents such action for review.

[1] The specific question here presented is: Where a suit is brought to recover damages for specified injuries to specific property, alleged in the original petition to belong to two parties, and, by amendment, the property is alleged to belong to one of such parties, did the filing of the original petition toll the statute of limitations as to the cause of action set out in the amended petition, the allegations, except as to such ownership, being the same? It is true that the ownership alleged in the original petition would not have been supported by proof of ownership as alleged in the amended petition, but this is not necessarily conclusive as to the point here in issue.

"A variance of this character * * * has frequently been held fatal. * * * But evidently the correction, by amendment, of any misdescription that would be fatal on an objection for variance between the allegata and probata, cannot be held to be a new suit." Thompson v. Swearengin, 48 Tex. 560.

It has been held that a petition bad on general demurrer is sufficient to interrupt the statute of limitations. Kinney v. Lee, 10 Tex. 155; Killebrew v. Stockdale, 51 Tex. 532; Kauffman v. Wooters, 79 Tex. 214, 13 S. W. 549.

[2] That a party plaintiff may, in a proper case, be dropped by amendment, and that limitation would not thereby be rendered available against the remaining plaintiff or plaintiffs, cannot be doubted. Railway Co. v. Watson, 72 Tex. 631, 10 S. W. 731; Rapid Transit Co. v. Campbell, 26 S. W. 884; Snow v. Rudolph, 131 S. W. 249.

[3, 4] The principal purpose of amending a petition is to allege facts other or different from those theretofore alleged, and which, without such amendment, would not have been admissible in evidence. The question is not, have different facts from those in the original petition been alleged in the amendment? but do the facts alleged in the amendment constitute a different cause of action from that originally alleged?

"Amendments are allowed expressly to save the cause from the statute of limitations, and courts have been liberal in allowing them, when the cause of action is not totally different." Walker v. Railway Co., 193 Mo. 475, 92 S. W. 90; Courtney v. Blackwell, 150 Mo. 245, 51 S. W. 674, 675. See, also, Sanger v. Newton, 134 Mass. 308; Cogswell v. Hall, 185 Mass. 455, 70 N. E. 461; Tobias v. Harland, 1 Wend. (N. Y.) 93; Miller v. Watson, 6 Wend. (N. Y.) 506.

On the other hand, the right to plead the statute of limitations in bar of an action is secured by statute, and is not to be denied

---

⊚⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

simply because the plaintiff is thereby denied a trial on the merits of his case.

[5] The language of our statutes of limitation is that "every suit shall be instituted," or "shall be commenced," or "shall be brought," within the time therein mentioned. R. S. arts. 5672–5690. Of course, this means that the suit shall be brought by the party having the cause of action. So that a suit by A. will not suspend the statute as to a suit subsequently brought by B. for the same cause of action, there being no privity in such cause of action between A. and B. It is upon this principle that a suit brought by or against an executor, administrator, or guardian will not arrest the statute of limitations as against a suit for or against such party in his individual capacity, for, though the same individual, in their legal aspect they are different persons. A suit against an executor or administrator is a suit against the estate of the deceased, or rather, against his heirs or legatees, and not against such legal representative as a person. This is clearly stated in Henderson v. Kissam, 8 Tex. 54, wherein it is said:

"The object of making [A. C.] Allen, as the representative of the deceased, a party was that the property of the estate, and not his own, might be subjected to the debt. * * * Had the defendant been removed from the office of administrator, and another appointed, the suit would have proceeded against the administrator de bonis non, and not against the defendant. * * * The fact that the person now charged [by amendment] individually is the identical person who had been charged [in the original petition] as the representative of another cannot affect the rights of the defendants, or operate in favor of the plaintiff."

See, also, Morales v. Fisk, 66 Tex. 194, 18 S. W. 495.

There is no difficulty in determining, as an abstract proposition of law, when a cause of action set forth in an amended petition is or is not subject to the plea of limitation. The authorities all agree that if the amendment sets up a new or different cause of action, the statute is not tolled by the filing of the original petition. The difficulty lies in determining what is a new or different cause of action, and in this regard it has been said by high authority that there is hopeless conflict. This question is fully discussed in an able opinion by the Supreme Court of Arizona in the case of Boudreaux v. Gas Co., 13 Ariz. 361, 114 Pac. 547, 33 L. R. A. (N. S.) 196. The proper way to decide any case is to ascertain, if we can, the legal principles involved, and then apply, as best we may, such principles to the case in hand.

[6] In Phœnix Lumber Co. v. Waterworks Co., 94 Tex. 462, 61 S. W. 709, Mr. Justice Brown lays down the following test for determining the identity of causes of action:

"(1) Would a recovery had upon the original bar a recovery under the amended petition; (2) would the same evidence support both of the pleadings; (3) is the measure of damages the same in each case; (4) are the allegations of each subject to the same defenses?"

These tests, or some of them, have been announced in numerous cases. Applying the second of these tests to that case, the learned judge proceeds to show clearly that the same evidence would not support the two petitions, in that under the original petition, which declared upon an express contract, the issues would have been only was the contract made, was it breached, and what, if any, damage resulted to the plaintiff by reason of such breach; whereas—

"in answer to the amended petition, the defendant would be required to meet a great number of circumstances and facts originating at different times and dates, arising out of transactions by different persons in its employ, all of which would be inadmissible in answer to and would constitute no defense to the original petition."

This reasoning applies, to a greater or less extent, to all cases where the original petition declared upon a contract and the amendment declared upon a tort (Booth v. Packing Co., 47 Tex. Civ. App. 336, 105 S. W. 48), or where the original petition declared upon one kind of a contract and the amendment upon another, as where the suit was upon a note, and by amendment was on a verbal promise to pay (Williams v. Randon, 10 Tex. 79–80); or vice versa (Wooldridge v. Hathaway, 45 Tex. 380; McLane v. Belvin, 47 Tex. 493); or where the original petition declared upon one note and the amendment upon another (Haddock v. Crocheron, 32 Tex. 276, 5 Am. Rep. 244); or where the original suit was upon one tort, and the amendment was upon another (Lumber Co. v. Railway Co., 164 S. W. 404).

On the other hand, it has been held that an amendment did not set up a new cause of action against which limitation was not suspended, where the petition alleged that plaintiffs were partners in a firm composed of three parties, and the amendment alleged that the copartnership was composed of two of said parties (Pridgen v. McLean, 12 Tex. 420; Mayes v. Magill, 48 Tex. Civ. App. 548, 107 S. W. 363); or where it was originally alleged that a copartnership was composed of two persons, and by amendment it was alleged that the copartnership was composed of an additional party (Thompson v. Swearengin, 48 Tex. 555); or adding a new party plaintiff where the property is claimed jointly by plaintiffs (Laughlin v. Tips, 8 Tex. Civ. App. 649), 28 S. W. 551. And so, where three parties brought suit to recover land, alleging that they owned the same in fee simple, and the amendment alleged that they, together with four other parties, were owners of the land, it was held it was not a new cause of action as to the original plaintiffs, and that limitation did not continue to run as against them to the time the amendment was filed. Telfener v. Dillard, 70 Tex. 142, 7 S. W. 847.

We think that cases, above cited, in which the suit was by partners, are in point for the reason that a partnership is not a legal entity, capable, as such, of maintaining a suit, but the suit must be brought by

the persons composing such copartnership. Frank v. Tatum, 87 Tex. 204, 25 S. W. 409; Glasscock v. Price, 92 Tex. 271, 47 S. W. 965; Benge v. Sledge, 132 S. W. 873; Style v. Lantrip, 171 S. W. 786. Hence, when an amendment adds or withdraws the name of a party composing a copartnership, it is not simply correcting a misdescription of the plaintiff, but is adding a new party plaintiff or withdrawing one of the plaintiffs from the suit.

[7, 8] Why is the addition or subtraction of a new party plaintiff not bringing a new suit? Because the same cause of action is being prosecuted against the same defendant. Why may the statute of limitations be pleaded in bar of the cause of action as to the additional parties plaintiff, as was held in Telfener v. Dillard, supra, where the same wrong was complained of against the same defendants? Because the additional plaintiffs did not "institute" their suit, as required by the statute of limitations, within the prescribed period. The cause of action as to the original parties was not changed by the amendment, but the new parties did not sue upon the cause of action alleged until after the alleged cause of action was barred by limitation.

[9] What is a cause of action? Mr. Justice Brown in Phœnix Lumber Co. v. Waterworks Co., supra, said:

"The courts have found it very difficult to give any general definition of the phrase 'cause of action' which would apply to all cases alike and few courts have attempted to do so. Pom. on Remedies, § 452. However, the following definition will be sufficient for the disposition of the case now before us: In the abstract, a cause of action consists of 'the right claimed or wrong suffered by the plaintiff, on the one hand, and the duty or delict of the defendant on the other. Rodgers v. Mutual Endowment Ass'n, 17 S. C. 410.' Applying this definition to that case, the court held that plaintiff's cause of action, as alleged in its amended petition, was barred by the statute of limitations, not because it appeared therefrom that different plaintiffs, in whole or in part, had suffered wrong at the hands of a different defendant, but because the amended petition alleged entirely different wrongs inflicted upon the plaintiff by the defendant from those alleged in the original petition."

Thus it will be seen that it was "the wrong suffered by the plaintiff on the one hand and * * * the delict of the defendant on the other" (correlative terms) which were held to constitute plaintiff's cause of action. The "right claimed by the plaintiff" and the "duty of the defendant" are, in a strict sense, no part of a cause of action, but it is the violation of such right by the nonobservance of such duty which constitutes a cause of action. The "right claimed by the plaintiff" is not to be molested in his person, property, or reputation; the "duty of the defendant" is to refrain from injuring the plaintiff. Proof of ownership is not necessary to show a "cause of action," but only to show the plaintiff's right to maintain a suit on the same. A cause of action is a wrong committed or threatened, and the damage re-

sulting therefrom (Miller v. Hallock, 9 Colo. 551, 13 Pac. 542; Post v. Campau, 42 Mich. 90, 3 N. W. 275), and which creates the necessity of bringing the action (Bank v. Lacombe, 84 N. Y. 384, 38 Am. Rep. 518).

"The cause of action is not changed by an amendment which claims merely a different measure of damages." Scanlon v. Railway Co., 86 S. W. 932.

In Walker v. Ry. Co., 193 Mo. 453, 92 S. W. 90, it was held that an amendment, changing the name of the party alleged to have been killed by the negligence of the defendant from Elbert to Charles, did not constitute a new cause of action, the wrong complained of being otherwise identified by the allegations in each petition.

[10] Applying the definitions of cause of action to the facts of the instant case, we find that the same wrongful acts and the same damages resulting therefrom are set forth in both the original and the amended petitions with such particularity that the appellee knew that it was called upon, by the allegations in the original petition, to meet the same charges of deliction as those made in the amended petition, and in both petitions appellant showed his right to recover by alleging his ownership of the property injured, the only difference being that, as between him and J. T. Baker, he would have owned one-half of the judgment under the allegations of the original petition whereas he would have been the owner of all of the judgment under the allegations of the amended petition, which fact, in the absence of any defense against J. T. and L. M. Baker jointly, which would not have been equally available to the defendant against L. M. Baker individually, did not concern appellee. Appellant brought his suit upon a good cause of action, before the same was barred by the statute of limitations, and was prosecuting his same suit for the same cause of action under his amended petition.

Applying the tests as to the identity of the causes of action in the two petitions as laid down in Phœnix Lumber Co. v. Waterworks Co., supra, the questions there propounded and the answers are as follows:

(1) Would a recovery had upon the original bar a recovery under the amended petition? Yes; because appellant having alleged in his original petition that the property injured belonged to himself and J. T. Baker, he would be estopped in a subsequent suit to deny such fact.

(2) Would the same evidence support both pleadings? As to the cause of action, yes, the same wrongs being alleged in each petition.

(3) Is the measure of damages the same in each case? Undoubtedly so.

(4) Are the allegations of each subject to the same defenses? Yes. The defenses to the allegations in each petition might have been: (a) No injury was committed; (b) want of authority in the agent of appellee, who is alleged to have committed the wrongs complained of; (c) the damages were not as great as claimed by plaintiff; and (d) the damages, in whole or in part, were occasioned by the contributory negligence of the owner or owners of the property injured.

[11] We think that the case of Foster v. Ry. Co., 91 Tex. 631, 45 S. W. 376, is decisive of this case. Foster brought suit in Austin county for damages to a tract of land in Brazoria county. The defendant answered to the merits, thereby waiving its privilege to be sued in Brazoria county. In his original petition Foster alleged that he was the owner of the land. Afterwards Foster filed an amended petition, in which he alleged that he and one Harris were the owners of the land, and Harris intervened as party plaintiff. Thereupon the defendant filed its plea of privilege to be sued in Brazoria county, upon the ground that Foster's amended petition set up a new cause of action, and was therefore a new suit, and that as to Harris it was also the beginning of the suit. Our Supreme Court held that the plea of privilege was properly overruled. It is true that limitation was not involved in that suit, but the right to be sued in the county where the land was situated was involved, which is a valuable right, and in support of which courts are certainly as liberal as they are in support of the plea of limitation. The legal proposition involved was: Did an amendment changing the allegation of individual ownership to one of joint ownership constitute a new cause of action? This question the court answered in the negative. That is the identical question involved here, except that in the instant case the change was made from joint to individual ownership; and we likewise answer the same in the negative.

It might be thought at first blush that the case of Hopkins v. Wright, 17 Tex. 30, is in point as supporting appellee's contention, but a careful examination of that case will show that the court held that the original petition was for the recovery of property, and that in the amended petition the suit was to set aside a will, which the court held were not the same causes of action. However, the issue of limitation by reason of a change of the cause of action was not in the case, for the reason that limitation was not complete at the time the amendment was filed under the only statute of limitation applicable to that case.

[12] This case must be reversed for another reason. Article 1995, Rev. St., reads as follows:

"Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and against or for one or more of several defendants or interveners."

In Kansas City v. King, 65 Kan. 64, 68 Pac. 1093–1095, the original petition alleged that James and Nina King were the owners of the property injured. By amendment it was alleged that the property belonged to James King. The statute of limitations was pleaded as to the amendment. The court said:

"The fact that the Kings sued jointly does not require that there shall be a joint recovery or none at all. The common-law rule was that the several plaintiffs in an action must all re-cover jointly, or all utterly fail; but our Code (section 396) provides 'that judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants.' If no amendment had been made, and the proof had shown that James King owned the entire interest in the property, and had sustained the entire loss, he would have recovered for that loss. Hurd v. Simpson, 47 Kan. 372, 27 Pac. 961. The fact that Nina King, impleaded with him, had failed to establish the right of recovery would not affect his right to recover for the actual damages sustained by him; and hence the amendment was unnecessary and immaterial."

It will be seen that the Kansas statute is essentially the same as ours. The additional words "in a proper case," appearing in our statute, mean only where the evidence requires it, and add nothing to the meaning of the statute. We think that the Supreme Court of Kansas properly construed the statute of that state, and we so construe our statute above set out. Our Supreme Court, in Adderson v. Anderson, 95 Tex. 367, 67 S. W. 404, gave a like construction to a similar statute in reference to the action of trespass to try title.

For the reasons stated, the judgment of the court below is reversed, and this cause is remanded for a new trial in accordance with this opinion.

Reversed and remanded.