JEFFRESS et al. v. WESTERN UNION TELEGRAPH CO. (No. 7213.)

(Court of Civil Appeals of Texas. Galveston. May 10, 1916. Rehearing Denied June 8, 1916.)

LIMITATION OF ACTIONS ⬤⟲124—AMENDMENT OF PLEADINGS—JOINDER OF NEW PARTIES.

Where two individuals are jointly interested in a contract, but action for breach thereof was begun by only one of them, an amended petition joining the other as coplaintiff in the same cause of action is not the commencement of a new suit within the statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 541; Dec. Dig. ⬤⟲ 124.]

Appeal from District Court, Harris County; John A. Read, Judge.

Action by E. C. Jeffress and Sam Isaacs against the Western Union Telegraph Company. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

A. B. Wilson and Cole & Cole, all of Houston, for appellants. Hume & Hume, of Houston, for appellee.

LANE, J. The nature of this case and the result of the trial in the court below may be stated as follows:

On the 11th day of June, 1910, E. C. Jeffress, one of the appellants, entered into an oral contract with the appellee, Western Union Telegraph Company, whereby it was mutually agreed between the parties thereto that for and in consideration of the sum of $25 paid by said Jeffress to said telegraph company, said company would furnish Jeffress at the opera house in Amarillo, Tex., with a detailed telegraphic report of the Jeffries-Johnson fight to be pulled off at Reno, Nev., on the 4th day of July, 1910.

While the contract was made by E. C. Jeffress alone with the telegraph company, it was in fact made for himself and Sam Isaacs, the other appellant, but this fact was unknown to said telegraph company. After the plaintiff Jeffress had incurred expenses in the sum of $249.70 in preparing to receive said telegraphic reports, including the $25 paid to said telegraph company, rent of opera house, etc., defendant telegraph company notified plaintiff Jeffress that the associated press objected to its giving plaintiff said reports of said prize fight, and declined to furnish plaintiff with such reports, thereby breaching its contract with plaintiff. On the 3d day of April, 1912, about eighteen months after the breach of said contract, E. C. Jeffress, as sole plaintiff, filed his original petition in which he alleged the breach of said contract, and the consequent damages suffered by him by reason of such breach. On the 22d day of July, 1912, more than two years after the breach of said contract, E. C. Jeffress, the original plaintiff, joined by Sam Isaacs by leave of the trial court, filed a first amended original petition in lieu of their original petition filed on the 3d day of April, 1912. By this amended petition the two plaintiffs, Jeffress and Isaacs, declare upon the same cause of action set up in Jeffress' original petition; the practical effect of said amended petition was only to make an additional plaintiff. On the 7th day of October, 1912, the appellee, Western Union Telegraph Company, filed its answer, specially excepting to plaintiffs' cause of action as follows:

"(1) That the first amended original petition filed herein by the original plaintiff Jeffress joined by a new and additional plaintiff Isaacs is insufficient in law, and of this it prays judgment of the court.

"(2) That said petition states a new, different, and distinct cause of action in favor of the original plaintiff Jeffress and the new plaintiff Isaacs, as upon a joint contract entered into between them and defendant, that the original petition in this cause was filed by said plaintiff Jeffress, and as in his own exclusive right and as upon a contract entered into between himself and defendant; that said petition of Jeffress and Isaacs asserts a right in them jointly under a joint contract between them and defendant to damages for the breach of said contract and for moneys paid out and expenses jointly incurred; whereas the original petition of plaintiff Jeffress asserts an exclusive right in himself as upon a sole or several contract between himself and defendant and asserts a sole and exclusive right for recovery of all the moneys alleged to have been paid out, and all expenses incurred and to all the damages resulting from the breach of said contract; that the cause of action set up in the second petition is upon a joint contract asserting different rights from those sought to be set up in the original petition of Jeffress, as upon a several contract, and that the two causes of action are distinct and independent; recovery in the very nature of things being permissible under one theory only, and not under both. That suit on said cause of action alleged in said amended original petition filed July 24, 1912, not having been commenced within two years after the accrual of the cause of action, is barred by limitation under the statute.

"(3) Defendant further excepts to said original amended petition as being insufficient in law for this: Said petition seeks to set up for the first time a right in one Isaacs as a coplaintiff under the contract with defendant, whereas it appears on the face of the record that no right was asserted by said Isaacs under said contract within two years after the accrual of his cause of action thereunder; said cause of action having accrued prior to July 1, 1910, and said amended petition asserting for the first time a right in plaintiff, having been filed July 24, 1912, said cause of action and plaintiff's right therein are barred by the statute of limitation of two years. Wherefore defendant prays judgment.

"(5) Further answering in this behalf, defendant says that the cause of action in said amended original petition alleged was not sued upon until July 24, 1912, said cause of action having accrued on or about July 1, 1910, and that suit therein was not commenced within two years after the accrual of the cause of action, and is barred by the two-year statute of limitation, and this defendant is ready to verify.

"(6) Further answering defendant says that it is not liable to said Isaacs, plaintiff, under the contract alleged, that cause of action, if any, accrued to plaintiff on or about July 1, 1910; that said Isaacs, plaintiff, did not commence suit upon said cause of action within two years after its accrual, and is not entitled to recover, and is barred by the two-year statute of limitation, and this defendant is ready to verify."

On the 11th day of May, 1915, plaintiffs filed their third amended petition wherein they alleged that in the contract made by Jeffress with said telegraph company it was made by Jeffress for the joint interest of himself and his coplaintiff, Sam Isaacs, under an agreement between said plaintiff that said plaintiff Jeffress should in his own name act for both, in making said contract with the appellee, and with the further agreement that the profits to be earned from such contract was to be equally divided between said

plaintiffs, and again sue for the identical items of damages alleged in the original petition.

On July 8, 1915, the cause was called for trial. Whereupon the trial court sustained appellee's exception to the cause of action set up by plaintiffs on the theory that the plaintiffs' third amended petition, upon which they went to trial, set up a new cause of action from that set up in the original petition filed by plaintiff Jeffress on the 3d day of April, 1912, and that it appeared upon the face of said third amended petition that the cause of action thereby set up and declared upon was barred by the two-year statute of limitation at the time said petition was filed. Judgment was accordingly rendered that the plaintiffs take nothing by their suit, and that the defendant go hence without day, and that it recover of plaintiffs its costs incurred.

Plaintiffs, Jeffress and Isaacs, have appealed from the judgment of the trial court and assign the action of the court in sustaining appellee's plea of limitation as error.

[1] We do not think plaintiffs by either of their petitions set up a different or new cause of action from the one first set up in the original petition filed by plaintiff Jeffress on the 3d day of April, 1912; the same being filed within two years after said cause of action arose. We therefore conclude that the court erred in sustaining appellee's said special exception, and in consequence thereof rendering judgment for appellee.

The making of Isaacs a party plaintiff by the amended petition was not such change in the suit as to constitute a new cause of action. In the case of Halff Co. v. Waugh, 183 S. W. 839, this court said:

"The propositions subjoined to the assignments are that, in a suit by an individual for damages, recovery cannot be had where the damages are shown to have been sustained by the firm of which he was a member, and that the burden of proof is upon a party asking damages to prove his right to recover, and that the damages were sustained by him individually. The evidence is sufficient, we think, to show that the truck was used in connection with the Gee-Whiz Auto Transfer & Storage Company, which was a copartnership composed of defendant and one or more of his sons, and that the profits arising from the use of the truck inured to the benefit of the copartnership."

And again:

"The negotiations in regard to the truck were between Waugh and the corporation only, and in their subsequent dealings in reference thereto Waugh, and not the partnership, was recognized by the corporation as the contracting party. The assignments are overruled."

For cases strongly in point see Baker v. G., C. & S. F. Ry. Co., 184 S. W. 257, and authorities therein cited; Roberson v. McIlhenny, 59 Tex. 615; Garrett v. Muller & Co., 37 Tex. 589.

In the case last cited it is said:

"M., the managing partner of the firm of M. & Co., instituted suit in his own name on an open account due the firm. Subsequently he amended his petition by merely setting out the names of the other partners of the firm, and alleging

that he had entire control of the firm business. More than two years had elapsed between the accrual of the cause of action and the filing of the amended petition. Defendant, treating the amended petition as setting up a new cause of action, pleaded the statute of limitations. Held not necessary to have joined the dormant partners as plaintiffs in the action, and, as the original petition was filed within two years after the accrual of the cause of action, the plea of limitation was unavailable."

What we have said disposes of all of appellants' assignments. For the error pointed out the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.