## MALMSTROM v. GULF, C. & S. F. RY. CO. et al. (No. 5652.)

(Court of Civil Appeals of Texas. Austin. May 31, 1916. On Motion for Rehearing, Oct. 4, 1916.)

1. LIMITATION OF ACTIONS ⊖⊃127(4)—COMMENCEMENT OF ACTION—AMENDMENT—CONTRACT ACTION.

Where a petition alleged that defendant railway agreed to install a crossing on plaintiff's farm three miles east of M. on B. creek, containing 171 acres out of school section 2, an amended petition, correctly changing the latter part of the description to 160 acres out of I. R. R. Co. Survey No. 1, continues the original cause of action so far as the statute of limitations is concerned.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 544; Dec. Dig. ⊖⊃127(4); Pleading, Cent. Dig. § 688.]

### On Motion for Rehearing.

2. RAILROADS ⊖⊃17—RIGHT OF WAY—AUTHORITY OF AGENT.

An open crossing over a railroad right of way is so intimately connected therewith that an agent, to obtain the same, should be presumed to have authority to agree to leave such open crossing as a part of the consideration for such right of way.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 36–38; Dec. Dig. ⊖⊃17.]

Appeal from McCulloch County Court; J. E. Brown, Judge.

Action by D. J. Malmstrom against the Gulf, Colorado & Santa Fé Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Shropshire, & House, of Brady, for appellant. Terry, Cavin & Mills, of Galveston, Andrews, Streetman, Burns & Logue, of Houston, Sam McCollum, of Brady, and Lockett & Rowe, of Ft. Worth, for appellee.

JENKINS, J. [1] Appellant filed his original petition herein October 29, 1912, and his first amended original petition on May 20, 1913. In said original petition he alleged that in 1910 he was the owner of a tract of land situated about three miles east of Melvin, Tex., on Brady creek in McCulloch county, Tex., more particularly described as follows: Describing a tract of 171 acres out of school section No. 2. For cause of action he alleged that at said time the Ft. Worth & Rio Grande Railway Company was desirous of building a railroad from Brady, Tex., to Melvin, Tex., in McCulloch county, partly on or across appellant's land, and was desirous of obtaining a right of way across said land; that appellant entered into a contract with said railway .company, whereby he granted to it a right of way across his land for, among other considerations, that said railway company would leave an open crossing over its railway through appellant's land; that the said railway company subsequently sold its right of way through McCulloch county to the Gulf, Colorado & Santa Fé Railway Company, which constructed its railroad along said right of way and through appellant's land; that about September 1, 1911, the Gulf, Colorado & Santa Fé Railway Company fenced its right of way through appellant's land without leaving an open passway across the same; that in so doing it divided one of appellant's fields, leaving it separated and cut into two parts, and segregated and cut off one of appellant's pastures from Brady creek, where appellant's stock had to get water; that the pool in Brady creek on appellant's land was the only water that appellant had for his stock, and that appellant has no other available means of obtaining water for his pasture; that by fencing said right of way appellant's field, which is a separate inclosure, has been segregated, and that his pasture, which is a separate inclosure, has been segregated and cut off from his water, by reason of which appellant alleges that he was damaged in the sum of $800.

In said first amended petition the injury to appellant by reason of fencing said right of way was more specifically alleged. On April 21, 1915, appellant filed his second amended original petition; and on July 22, 1915, he filed his third amended original petition. In these amended petitions appellant alleged the same contract to leave an open way across said right of way, and the same injuries by reason of the right of way's being fenced, as in his original and first amended petitions, but he described the land upon which said improvements were situated as being about three miles east of Melvin, Tex., on Brady creek in McCulloch county, and more particularly described as follows: Being 160 acres of land out of I. R. R. Co. survey No. 1, instead of 171 acres out of school section No. 2, as alleged in his original and first amended petitions. The evidence in the case was suffi-

cient to sustain the allegations in appellant's petition as to his contract with the railway company for an open way across its right of way, and as to the damages he had suffered by breach of such contract had such issues been submitted to the jury, and had the jury found in his favor of these issues.

At the conclusion of the testimony the court instructed the jury as follows:

"Gentlemen of the jury, the evidence in this cause shows that the cause of action sued on by the plaintiff is barred by limitation, and the evidence is insufficient to warrant a recovery by plaintiff, and you will therefore return a verdict for the defendant."

The jury returned a verdict in accordance with said instruction, and judgment was entered thereon for appellees. Appellant duly excepted to said charge, as is shown by his bills of exception herein.

It is the contention of appellees that the court correctly instructed the jury as to the statute of limitation, for the reason that the third amended original petition, which was the first in which the land upon which appellant's improvements are situated, was correctly described, was filed more than two years after said right of way was fenced, and that therefore the second and third amended petitions set up a new cause of action. With this contention we do not agree. Appellant's cause of action was the segregation of his field and pasture by reason of the fencing of appellees' right of way. The object of a petition is to notify the defendant of the grounds of complaint against him; and, when this is done with sufficient certainty that he may know the grounds of such complaint and prepare himself for his defense, it suspends the statute of limitation. In this case it is true that in the original petition the improvements alleged to be injured are described as being situated on school section No. 2; but they are also described as being in McCulloch county, about three miles east of Melvin and on Brady creek, and on land through which appellant deeded appellee a right of way. Appellee, the Ft. Worth & Rio Grande Railway Company, obtained such deed from the appellant at the time alleged in the petition for its right of way through 160 acres of land out of the I. R. R. Co. survey No. 1, in McCulloch county, about three miles east of Melvin on Brady creek, and, so far as the record shows, never obtained any deed for a right of way through school survey No. 2, and, so far as the record shows, its railway does not run through said school survey. Appellee must have known that the allegation that in fencing its right of way it segregated appellant's field and pasture on school survey No. 2 was a mistake on the part of the pleader, and must have known that the damages sought were by reason of having fenced its right of way across the only tract of appellant's land over which its railway ran. For these reasons we do not think that the second and third amended petitions set up

a new cause of action. Upon this subject, we quote from Townes on Pleading, page 316, as follows:

"We may say that our courts have held that if the amendment sets up facts regarding the same transaction as are set up in the original pleadings, and so germane to it that it is reasonably apparent from the pleadings that they refer to the same matters, and that it was the intention of the pleader in preparing the former pleading to litigate the matters set up in the amendment, the amendment will be regarded as a continuation of the suit, and not the institution of a new one."

We further quote from 34 Cyc. p. 416, as follows:

"So long as the facts added by the amendment, however different they may be from those alleged in the original pleadings, show substantially the same injury in respect to the same transaction, the amendment is not objectionable as setting up a new and distinct cause of action."

See, also, Baker v. G., C. & S. F. Ry. Co., 184 S. W. 257.

For the reasons stated, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

### On Motion for Rehearing.

[2] Appellee insists that the judgment of the trial court should be affirmed for the reason that it appears that the contract for the right of way of the railway company over appellant's land was made by a committee of citizens of Menardville, and that it is not shown that they were representing the railway company in such transaction. The fact that the deed was taken to the railway company, and that it constructed its railway across appellant's land as conveyed in such deed, is sufficient evidence of the agency of such parties, either originally given or by ratification.

Appellee further contends that agency to procure a right of way for a railway company does not imply authority to promise an open crossing over such right of way. In support of this contention it cites Railway Co. v. Garrett, 52 Tex. 133, Railway Co. v. McKinney, 55 Tex. 182, and Railway Co. v. Sweetwater, 104 Tex. 320, 137 S. W. 1120. We think that:

"An open crossing over a railroad right of way is so intimately connected therewith that an agent, to obtain the same, should be presumed to have authority to agree to leave such open crossing as a part of the consideration for such right of way."

The motion for rehearing is overruled.

Overruled.